## BOSWORTH *vs.* THOMAS.

Where a tenant had been occupying a certain store, and at his instance and under his immediate supervision the landlord caused repairs to be made in the flooring, and thereupon the tenant rented for a term, agreeing that no repairs should be required of the landlord, if the floor subsequently gave way by reason of putting a heavy load upon it, there could be no set-off from the rent on account of damages resulting from such accident.

Landlord and Tenant. Contracts. Damages. Before Judge CRISP. Sumter Superior Court. April Term, 1881.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

GUERRY & SON, for defendant.

CRAWFORD, Justice.

The record in this case shows that Bosworth, the plaintiff in error, rented a store-house from Thomas, the defendant in error, for twelve months; and in the note given for the rent this agreement was inserted: " No repairs to be required of said Thomas." After some four months, occupation, about 18,000 pounds of corn were put in the house, when the floor gave way, precipitating the corn into the cellar, and rendered the store unfit for business. The maker of the note refused to pay it, and the same was sued for three monthly installments, which were overdue.

The issue was as to the liability of the defendant on his note under the proofs submitted.

The evidence shows that the defendant had occupied that store-house from October 1, 1874, up to the time that the accident happened, just before January 1, 1880, except during the time that it was being repaired. The repairing consisted of new sleepers, sills and flooring, which were put in by Thomas, the landlord, at the request of Bosworth, the tenant, who said that he could not use the house in the fix that it was in. He (Bosworth) saw, the workmen and told them what he wanted done; the workmen did what he told them, and the supervision that was given to the work was by Bosworth. All that Thomas had to do with it was to agree to the price and pay for the work. Bosworth retained the store after the floor fell in, but had to rent another to put his heavy goods in, as he could keep none of heavy weight in Thomas'.

The jury on the trial rendered a verdict for the plaintiff, under the evidence and charge of the court, to which

plaintiff in error excepts because of error in the latter. The complaint of the charge is:

(1.) That the judge instructed the jury that by the terms of the contract Thomas was not required to make any repairs, and the contract must be taken as made by the parties.

(2.) That the destruction of a tenement by fire, or loss of possession by any casualty not occasioned by the landlord, would not abate the rent; if it is occasioned by the landlord, then it would.

(3.) If one rent a house and it has a latent defect unknown to him, and he suffer damage thereby, it could be set off against the rent; but if one rent a house of which he has had possession for several years, and it was found unfit for the purposes for which it was rented by the falling in of the floor, and the landlord should get the tenant to employ workmen, or see some one to have it fixed, and it was done, and he then continued to rent it waiving all repairs, and the floor should again fall in, then no set-off for damages could be claimed, because in such case the tenant knew as much about the premises when he rented them as the landlord did.

The instructions here given are objected to principally upon the ground that the defect was a latent one, and unknown to the tenant; we do not think that the testimony so makes it. And besides, there was not sufficient testimony to authorize a charge as to any latent defect, even had such a one been requested.

The rule laid down by this court in 58 *Ga.*, 204, was, that it was the duty of the landlord when he rented property at full price, to make it suitable for the purpose for which it was rented, unless the tenant knew as much about its condition as he did, and upon notice he must keep it by repairs in condition suitable for such use.

In the case before us the tenant knew more about the house than the landlord did, and besides had especially waived all repairs. The doctrine stated in 58th *Ga.*, was the

re-affirmance of the same principle ruled in the 55th *Ga.*, 180. We hold that the charge was correct and that the evidence fully authorized the verdict.

Judgment affirmed.