Charles D. MALONEY, Appellant,

v.

Adolphus ANDREWS, Jr., Individually and as Attorney-in-fact for Frances A. Dillingham, as Independent Executrix of the Estate of Adolphus Andrews, Deceased, Appellee.

No. 4561.

Court of Civil Appeals of Texas, Eastland.

July 28, 1972.

Rehearing Denied Aug. 25, 1972.

Matthews & Matthews, Tom D. Matthews, Jr., Dallas, for appellant.

James G. Clement, Irving, for appellee.

COLLINGS, Justice.

Adolphus Andrews, Jr., individually and as attorney-in-fact for Frances A. Dillingham, as Independent Executrix of the estate of Adolphus Andrews, deceased, brought this suit against Charles D. Maloney, seeking to recover $4,428.00 in unpaid rentals under a lease agreement. The jury awarded $600.00 to plaintiff as rentals due for the period July 1, 1970, through June 31, 1972, and $600.00 as attorney's fees. The defendant, Charles D. Maloney, filed a counterclaim for usury which was denied by the court on plaintiff's motion for an instructed verdict. Maloney has filed an appeal which is limited to the ruling of the court in sustaining plaintiff's motion for an instructed verdict and denying the defendant's counterclaim for usury.

Appellant Maloney urges two points in which it is contended that the court erred in overruling his motion for judgment non obstante veredicto and erred in sustaining appellee's motion for an instructed verdict on the question of usury, because appellant alleged and introduced evidence showing that he contracted for, was charged and paid interest at an usurious rate.

The parties hereto executed a written lease agreement for a building dated June 15, 1968, for a term of two years with an option to renew for an additional two year period. The lease provides that appellant will pay a "late charge" of $1.00 per day for each day appellant is delinquent in pay-

ing rent. The lease provided in part as follows:

> "Lessee agrees to pay Lessor over and above the rental payment a late charge of $4.00 for the fourth day after Lessee is three days delinquent in paying the monthly payment in advance and a late charge of $1.00 for each day delinquent thereafter;"

■ Appellant contends that the lease provision calling for the payment of late charges constitutes a contract for "interest" as that term is defined by Article 5069–1.01 (a), Vernon's Ann.Tex.Rev.Civ.St., and that appellee is therefore liable to appellant in accordance with the penalties stated in Article 5069 supra. The record shows that Mr. Hubbard, the authorized agent of appellee, prepared a schedule charging appellant $9,000.00 for failure to pay rental payments when due; that appellee's attorney mailed to appellant's attorney a letter wherein appellee's attorney was instructed by his client to recover the late charges. A portion of the letter reads as follows:

> "I point out to you that over the term of the lease, late charges are cumulative for each month and increase geometrically, so that over the remaining term of the lease, late charges will amount to $9,000.00, and will continue at $720.00 per month thereafter."

Two written statements dated October 1, 1970, and October 31, 1970, were received by appellant. Each rent statement charged appellant $1.00 per day for each month's unpaid rent on a cumulative basis. A rent statement dated June 1, 1970, was received by appellant. That statement charged appellant $55.00 based on the charge of $1.00 per day for each day a month's rent remained unpaid. Appellant paid the $55.00 charge by check.

Appellee contends that the controlling question on appeal is the lease agreement in question and that the provision therein for "late charges" is not a transaction or contract which is subject to the usury statutes. He contends that his position is sustained by the wording of Section 11, Article XVI of the Texas Constitution, Vernon's Ann.St., and by Article 5069 and prior statutes relating to usury. Section 11, Article XVI of the Texas Constitution as amended on November 8, 1960, provides that:

> "The Legislature shall have authority to classify *loans and lenders,* license and regulate *lenders,* define interest and fix maximum rates of interest . . . ." (Emphasis supplied.)

It is noted that this provision of the constitution covers only loan transactions and applies to lenders of money. Article 5069–1.01 et seq., R.C.S.T., in implementing Section 11, Article XVI of the constitution specifically states that the statute applies to credit transactions and to loans and lenders of money and does not in any way refer or apply to lease agreements. Nowhere in the statute does there appear any provisions which specifically or by implication apply to lease agreements.

Article 5069–1.01(a) defines "interest" as " . . . the compensation allowed by law for the use or forbearance or detention of money . . . ." This definition has not been changed from prior law. The provision and the cases interpreting it and its predecessors uniformly hold that Article 5069 applies to contracts for a loan of money and for a charge made for the use of that money. In Maxwell v. Estate of Bankston, 433 S.W.2d 229 (Tex.Civ. App.-Texarkana 1968, no writ hist.), it was stated as follows:

> "The essential elements of a usurious contract consist of a loan with the understanding that the money loaned is to be returned, and that a greater rate of interest is paid than the statute allows . . . . "

See also Campbell v. Oskey, 239 S.W. 332 (Tex.Civ.App.-El Paso 1922, no writ hist.), where it is stated that before usury in the legal significance of the term is established a loan of money as distinguished from an advance of a working capital must be shown.

In the instant case there is no lending transaction. There is no interest charged or received, and usury is not present in the case. The court was therefore correct in sustaining appellee's motion for an instructed verdict on appellant's counterclaim for usury.

Appellant cites Parks v. Lubbock, 92 Tex. 635, 51 S.W. 322 (1899) and Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282 (1930) in support of his contention that the interest charges in this cause are subject to the usury statutes. In our opinion the contention is not well taken. In both of the cited cases suit was brought to recover upon promissory notes, and each case holds that only where money is lent and a promissory note is executed the promissee may not charge interest on repayment of the principal of the note in excess of the interest allowed by statute.

In answer to special issue number 14 the jury found that $600.00 was owed by appellant to appellee for unpaid rentals after allowances of all credits for the period from July 1, 1970, through June 31, 1972. Appellee moved the court for judgment disregarding this answer of the jury because appellee contends that the uncontroverted and undisputed evidence is that under the terms of the lease agreement appellant owed appellee $4,428.00 for rental payments which were due and unpaid; that the only evidence on the issue of the amount of unpaid rentals is the testimony of one Jerry Hubbard, an agent of appellee, to the effect that the deficiency in rental payments over the remaining term of the lease was $4,428.00. We cannot agree with appellee's contention in this respect. There was other evidence supporting the finding of the jury. It is further noted that Mr. Hubbard was a witness for appellee and his credibility was in issue and therefore not conclusive.

The judgment of the court on the question of usury is affirmed and we further hold that the court did not err in refusing appellee's motion to disregard the answer of the jury to special issue number 14.