47506.   GEORGIA PORTS AUTHORITY v. NORAIR
ENGINEERING CORPORATION.

Argued September 7, 1972—Decided January 24, 1973.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General, Malberry Smith, Deputy Assistant Attorney General,* for appellant.

*Friedman, Haslam & Weiner, Erwin A. Friedman,* for appellee.

BELL, Chief Judge. If the parties agree in their contract what the damages for breach shall be, the damages are said to be liquidated; and unless the agreement violates some principle of law, the parties are bound. *Code* § 20-1402; *Chadwick v. Dolinoff,* 207 Ga. 702 (64 SE2d 76). No issue was made on appeal as to the validity of the liquidated damage clause or to that part of the court's judgment granting the defendant $88,500 liquidated damages. The defendant rests its case on the proposition that the clause in the contract specifying the $500 a day liquidated damage rate for delay has no application to an incremental delay but only applies for the failure to fully complete performance of the entire contract within the time specified. The defendant argues that it is entitled to keep, or to withhold, the $88,500 plus the $140,000 contingent liability that has been placed against it by the third party contractor,

Montague. The provision specifying $500 a day liquidated damage for delay is: "4. The entire contract work shall be fully completed by the contractor to the satisfaction of the engineer within 545 consecutive calendar days (including Sundays and holidays) after receipt by the contractor of a notice from the engineer to proceed with the contract work. If the contractor fails to fully complete the contract work to the satisfaction of the engineer within said periods of time, or such extension thereof as shall be granted by the engineer pursuant to the general conditions of the contract, the contractor shall pay to the owner the sum of $500, for each and every calendar day (including Sundays and holidays) that the contract work remains incomplete after the expiration of said periods of time. It is mutually agreed that the contract price is based upon the completion of the contract work within such periods of time and that said sum is to be paid, not as a penalty, but as liquidated damages, for the loss which the owner will suffer as a result of delay in completing the contract work. Any amount so payable by the contractor to the owner may be deducted from any payments owing hereunder by the owner to the contractor, and any amount not so deducted shall be promptly paid by the contractor to the owner, upon demand."

It is apparent that this stipulation for damages only applies to the contingency encompassed and that contingency is delay. The thrust of defendant's counterclaim is based upon delay only. It has admitted by its affidavit that its potential liability to Montague is based upon delay only. Obviously, the liquidated damages clause must be construed with other provisions of the contract. While the liquidated damages portion at the outset specifies that "entire" contract work shall be completed in 545 days, the second and third sentences refer to the failure of the plaintiff to complete "contract work" within "said periods of time" and that the plaintiff shall pay $500 for each and every day that the work remains incomplete after the expiration of "said periods of time"; and that the contract price was based upon the completion of the contract work within "such periods of

time." Elsewhere the term "work" was defined in the contract as "work to be performed under the contract . . ." and it was further provided that "all time limits stated in any of the contract documents are of the essence of the contract." The construction schedule was a part of the contract and these incremental phases of the work to be performed were certainly a part of the contract period of time of 545 days. The repeated use of the phrase "periods of time" compels the conclusion that the liquidated damages clause was intended by the parties to cover a delay in completing the entire contract as well as each specified increment of the contract. As this clause in which the damages were stipulated applies only to delay and as the plaintiff's counterclaim is based solely upon the delay caused by plaintiff in completing a phase of the work, the defendant is bound by the terms of the agreement and its measure of damages for this incremental delay is limited to the $500 per day figure.

*Judgment affirmed. Evans and Stolz, JJ., concur.*