APPAREL MANUFACTURING COMPANY, INC., Appellant,

v.

VANTAGE PROPERTIES, INC., Appellee.

No. 20183.

Court of Civil Appeals of Texas, Dallas.

March 5, 1980.

Rehearing Denied April 2, 1980.

Barry L. Elliott, Hoppenstein & Prager, Dallas, for appellant.

Robert Harms Bliss, Cleveland Guy Clinton, Bliss & Hughes, Dallas, for appellee.

Before AKIN, CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Apparel Manufacturing Company, Inc., a tenant, appeals from a judgment in favor of its landlord, Vantage Properties, Inc., for unpaid rentals, contractual interest, and attorney's fees. Apparel Manufacturing complains that the trial court denied it the opportunity to plead and prove its defense and counterclaim based upon usury. We affirm the judgment because we hold that the usury laws do not apply to a rental transaction of real property.

In 1975 Vantage, as landlord, and Apparel, as tenant, entered into a formal lease for a shopping center space for the retail sale of women's sportswear. The lease term was five years and the monthly rental consisted of $450 for the first year and $480 for the second through the fifth year. The terms of the lease included a provision that:

In the event any rental is not received within 10 days after its due date for any reason whatsoever, it is agreed that the amount thus due shall bear interest at the maximum contractual rate which could legally be charged in the event of a loan of such rental to Tenant in the state where the Demised Premises are located (but in no event to exceed 1½% per month), such interest to accrue continuously on any unpaid balance due to Landlord by Tenant during the period commencing with the aforesaid due date and terminating with the date on which Tenant makes full payment of all amounts owing to Landlord at the time of said payment. *Any such increase shall be payable as additional rent hereunder*, shall not be considered as a deduction from percentage rental, and shall be payable immediately on demand. [Emphasis added.]

When Apparel fell behind in its rent, Vantage began sending statements demanding a late charge which Apparel characterized as a "charge" of usury even though none of the statements were ever paid.

Apparel reasons that any late charge was *interest*; that since the unpaid rental was less than the $5,000.00 minimum debt warranting a 1½% per month rate for a corporate debtor under Tex.Rev.Civ.Stat.Ann. art. 1302–2.09 (Vernon Supp.1979), the maximum rate was fixed at 10% by Tex.Rev.Civ.Stat.Ann. art. 5069–1.02 (Vernon 1967), that the late charge on the statements exceeded 10% interest, and thus, Apparel was "charged" unlawful interest. We cannot agree. The parties contracted for *additional rent* to be calculated in the manner provided in their contract. The parties did not contract for *interest* on a loan or credit sale regulated by our usury statutes. Our usury statutes are authorized by Tex.Const. art. XVI, § 11, which provides, in part:

The Legislature shall have authority to classify *loans* and *lenders*, license and regulate *lenders*, define interest and fix maximum rates of interest; provided, however, in the absence of legislation fixing maximum rates of interest all contracts for a greater rate of interest than

ten per centum (10%) per annum shall be deemed usurious; provided, further, that in contracts where no rate of interest is agreed upon, the rate shall not exceed six per centum (6%) per annum. [Emphasis added.]

This constitutional mandate produced Tex. Rev.Civ.Stat.Ann. art. 5069–1.01–1.06 (Vernon 1967) upon which Apparel relies. Apparel is unable to point to any specific provision of the statute which makes it applicable to a rental transaction. It is the coincident use of the word "interest" in the lease, quoted above, and in the usury statute that leads to Apparel's argument. This argument has been answered by the case of *Maloney v. Andrews*, 483 S.W.2d 703 (Tex. Civ.App.—Eastland 1972, writ ref'd n. r. e.) wherein a lease agreement on a building included a provision for a "late charge" on rentals. *Maloney* holds that a rental contract is not a "lending transaction" and that the usury statutes cannot be applied to the "late charge" contracted for by the parties. Our record does not reflect any contention by Apparel that the transaction between the parties was anything other than a lease or assert any challenge that the terms thereof do not represent the true agreement of the parties.

We conclude that the parties were entitled to contract for one rental, if paid by a date certain, and a higher rental if payment was delayed, without violating the usury statutes, even though the higher rental was arrived at by a calculation employing percentage, or "interest," and the time elapsed.

Affirmed.