## 60075. GIBSON v. SHERIFF.

CARLEY, Judge.

Plaintiff-appellee and defendant-appellant entered into a contract whereby appellee agreed to furnish and install a television antenna system in appellant's mobile home park. Subsequently, appellant elected to terminate the agreement and appellee brought this action seeking recovery for damages to equipment and for "liquidated damages" in the amount of $2,500. Appellant appeals from the denial of his motion for directed verdict and the judgment entered on the jury verdict in favor of appellee in the amount of $3,135.80.

The sole question presented for determination is whether or not the trial court erred in refusing to direct a verdict in favor of appellant on the basis that the specified sum of $2,500—designated as liquidated damages in the agreement—is, in effect, a penalty and, thus, unenforceable pursuant to Code Ann. § 20-1403. The relevant provision of the contract states: "It is agreed that if for any reason other than failure of said 'Antenna System' to properly function the lease is terminated, Lessee shall pay the sum of $2500 as liquidated damages to offset the value of the labor and underground lines installed by Lessor which could not be economically removed by Lessor." Appellant contends that there is no evidence to support a conclusion other than that the $2,500 is a nonrecoverable penalty. The evidence revealed that, with the exception of approximately $300 worth of wire and other miscellaneous equipment, appellee recovered and removed from appellant's premises all equipment used in setting up the antenna system. However, there was also evidence that the value of the labor utilized in installing and adjusting the system exceeded the sum of $2,500.

" 'Competent parties are free to agree to whatever provisions in lawful contracts that they may choose . . . If the parties agree what the damages for breach shall be, the damages are liquidated, and unless the agreement violates some principle of law, the parties are bound thereby. Code Ann. § 20-1402; [Cits.]' [Cit.]" *Foster v. Economy Developers,* 146 Ga. App. 282, 283 (246 SE2d 366) (1978); *Ga. Ports Authority v. Norair Eng. Corp.,* 127 Ga. App. 864, 865 (195 SE2d 199) (1973). "In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.' [Cits.]" *Southeastern*

*Land Fund v. Real Estate World,* 237 Ga. 227, 230 (227 SE2d 340) (1976).

An application of the aforestated principles to the factual situation in the instant case reveals the following: The agreement expressly stipulates the sum of $2,500 as "liquidated damages" should the agreement be terminated for any reason other than failure of the antenna system to function properly. Compare *Jones v. Clark,* 147 Ga. App. 657, 659 (249 SE2d 619) (1978). Secondly, the subject matter of the instant agreement is such that, in the event of a breach, the actual damages resulting therefrom would be difficult to ascertain readily or accurately. *Nat. Manufacture &c. Corp. v. Dekle,* 48 Ga. App. 515, 523 (173 SE 408) (1934). Thirdly, the provision sought to be enforced is not manifestly unreasonable or oppressive. It enabled appellant to cancel the agreement at any time upon payment of the sum of $2,500 to offset the value of the labor which appellee invested in the installation and adjustment of the system and to offset the value of the underground lines which could not economically be removed from the premises. The testimony at trial indicated that the sum agreed upon as liquidated damages was not per se unreasonable or disproportional to the breach of the agreement by appellant and the damages resulting therefrom. See generally, *Sanders & Ables v. Carter,* 91 Ga. 450 (17 SE 345) (1893); *Sanders v. Carney,* 118 Ga. App. 576 (164 SE2d 856) (1968).

For the foregoing reasons we conclude that the contract provision providing for liquidated damages was valid and enforceable pursuant to Code Ann. § 20-1402. Accordingly, the trial court did not err in denying appellant's motion for directed verdict.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 17, 1980 — DECIDED SEPTEMBER 5, 1980.

*Robert E. Andrews,* for appellant.
*James M. Walters,* for appellee.