## 66366. KRUPP REALTY COMPANY et al. v. JOEL.

DEEN, Presiding Judge.

Appellant filed an affidavit for a dispossessory warrant, seeking possession of appellee's leased premises and past due rent in the amount of $405. (As part of the alleged past due rent, appellant was claiming an additional $50 to which it contends it was entitled under the written lease as a late charge for rent paid after the 5th day of the month.) Joel, an attorney, answered and stated that he offered to pay the monthly rental of $334 on the seventh day of the month, but it was refused because he would not pay the $50 late charge because it was unconscionable. He paid $334 into the registry of the court.

The case was tried before a judge sitting without a jury. The court found that the late charge was usurious because it violated OCGA § 7-4-2 (Code Ann. § 57-101), that the plaintiff was not entitled to a writ of possession, and was entitled only to the $334 which had been paid into the registry of the court.

1. We disagree that the late charge is usurious. While OCGA § 44-7-16 (Code Ann. § 61-114) provides: "All contracts for rent shall bear interest from the time the rent is due," and OCGA § 7-4-2 (Code Ann. § 57-101) provides for a legal rate of interest of 7 percent for any loan or advance of money or forbearance to enforce collection, and 10-1/2 percent in other specified instances, the provision in the lease either is one for liquidated damages or is an unlawful penalty. A usurious transaction requires a loan or forbearance of money, an understanding that a principal amount will be returned, that the loan be for profit at an amount greater than that authorized by law, and that the agreement be made with the intent to violate the law. *Bailey v. Newberry,* 52 Ga. App. 693 (184 SE 357) (1935). While a landlord can recover upaid rent and is also entitled to recover the legal rate of interest on the unpaid rental money, it does not follow that an agreement in a lease providing for a late charge when the rent is not timely paid must comply with the usury laws of Georgia. Parties to a contract are permitted to provide for liquidated damages in the event of a contract breach and unless the agreement violates some principle of law, the parties are bound by their agreement. OCGA § 13-6-7 (Code Ann. § 20-1402).

In determining whether the lease provision is enforceable as one for liquidated damages rather than an unlawful penalty, the court must make the following determination: (1) that the injury caused by the breach is difficult or impossible to estimate accurately, (2) that the parties intended to provide for damages rather than a penalty, (3) that the sum stipulated is a reasonable pre-estimate of the probable loss. *Southeastern Land Fund v. Real Estate World,* 237 Ga. 227, 230

(227 SE2d 340) (1976). *Gibson v. Sheriff,* 155 Ga. App. 578 (271 SE2d 710) (1980).

The lease in question provides for a $50 charge as "additional rent" in two instances: (1) when a rent check is returned from the lessee's bank without payment, and (2) when the rent due on the first of the month is received after the fifth. In the first instance, the lease states the charge is made because it causes the agent/owner additional expenses for bookkeeping and clerical services and in the second instance, it provides that the charge "is due for services required of the agent/owner. . ." We find that the lease provision meets the requirements for liquidated damages set forth above and that the trial court erred in holding that it was a usurious charge.

2. Appellant has not supported his second enumeration by either citation to authority or argument, and it is deemed abandoned. *Field Developers v. Johnson,* 160 Ga. App. 180 (289 SE2d 321) (1981).

*Judgment reversed in part and affirmed in part. Banke, J., concurs. Shulman, C. J., Quillian, P. J., and McMurray, P. J., concur in the judgment only. Birdsong and Pope, JJ., concur in part and dissent in part. Carley and Sognier, JJ., dissent.*

DECIDED OCTOBER 18, 1983.

*Gerald W. Fudge,* for appellants.
*David Joel,* pro se.

BIRDSONG, Judge, concurring in part and dissenting in part.

I fully concur in the conclusion reached by both the majority and dissenting opinions with respect to the applicability of the usury laws to the $50 liquidated damage provision under consideration. I also agree with the dissent's conclusion that there is no evidence in the record on the issue of whether the $50 sum is a reasonable pre-estimate of the probable damage accruing from the tenant's default in the form of late payment. However, for the reasons set forth below, I agree with the majority in reversing the portion of the judgment of the trial court dealing with the $50 late charge.

First, I do not agree with the intimation by the dissent that there is some issue as to the "true meaning" of the provision. While the damage provision is inartfully drafted, appellee testified clearly that he had the following understanding of the provision: "A. There is a late charge of $50.00, if the rent is past due. Q. . . . And when would the rent be past due under paragraph 12? A. The 5th day of the month." Thus despite the inartful draftsmanship, both parties clearly intended for the provision to impose a $50 late charge if the rent was paid after the 5th of each month. "The cardinal rule of [contract]

construction is to ascertain the intention of the parties. If that intention is clear . . . it shall be enforced. . . ." OCGA § 13-2-3 (Code Ann. § 20-702). It is undisputed that appellee breached the lease provision in question by failing to remit the $50 late charge after failing to pay his rent on the due date.

Second, appellee did not dispute the existence of the late charge, the contention that he agreed to the charge by signing the lease, or the fact of default under the provision. Thus, as the parties, the trial court, and both the majority and dissenting opinions appear to agree, appellant is entitled to recover the late charge unless the provision is unenforceable for some reason. There is no contention, and no basis for a contention, that the provision is unenforceable on its face. " ' "Competent parties are free to agree to whatever provisions in lawful contracts that they may choose. . . . If the parties agree what the damages for breach shall be, the damages are liquidated, and unless the agreement violates some principle of law, the parties are bound thereby." ' " *Gibson v. Sheriff,* 155 Ga. App. 578 (271 SE2d 710). The provision is enforceable when it is shown otherwise, and "[t]he defaulting party has the burden of proving the amount of the actual damages for the purpose of showing an absence of approximation between the actual loss and the stipulated sum, and he has the burden of proving that the sum provided by the contract did not bear a reasonable relation to plaintiff's actual damages or that they were exorbitant and unconscionable." 25A CJS, Damages, § 144 (f).

The transcript of the trial of this case contains absolutely no evidence, other than the lease itself, on any issue surrounding the reasonableness, conscionability, or enforceability of the provision under consideration. Thus, appellee utterly failed to carry his burden of showing that the provision is void or otherwise unenforceable.

I find no support in the record for the dissent's apparent conclusion that the late charge is unreasonable because it remains constant irrespective of the date on which the defaulting party actually pays the past due rent. It is just as logical, as the majority apparently concludes, that all of the administrative time and expenses incurred as a result of the default and for which the charge is designed as compensation are incurred immediately or soon after the default. Of course, both conclusions are almost purely speculative, as there is little evidence in this record supporting either position. Due to the fact that appellee failed to produce any evidence showing the late charge provision to be unenforceable, I agree with the majority that the $50 late charge should have been included in the trial court's award of rent to appellee.

I also concur in Division 2 of the majority opinion in that appellant's brief fails to contain any substantive argument with

respect to its second enumeration of error, which challenged the trial court's refusal to grant it "total judgment" on the dispossessory proceeding. However, the effect of the holding in Division 2 is to affirm all portions of the judgment other than that portion dealing with late charges. Accordingly, I would affirm in part and reverse in part the trial court's judgment.

I am authorized to state that Judge Pope concurs with this opinion.

CARLEY, Judge, dissenting.

I respectfully dissent because I believe that the trial court correctly ruled that the requirement in the lease that appellee pay a $50 charge because of late payment of rent was invalid. Although the articulated basis of the trial court's ruling was that the late charge was usurious, and although I agree with the majority that usury provisions do not strictly apply, I believe that the trial court was correct for another reason, and if a trial court's order is right for any reason, the judgment must be affirmed. *J. L. Lester & Sons v. Smith,* 162 Ga. App. 506 (291 SE2d 251) (1982).

The majority states that "appellant was claiming an additional $50 to which it contends it was entitled under the written lease as a late charge for rent paid *after the 5th day of the month*" (majority opinion, p. 480) (emphasis supplied.) The lease provision invoked by appellant and construed by the trial court actually provides as follows: "Resident agrees to pay agent/owner an additional fifty dollars ($50.00) due for services required of the agent/owner, where any installment of monthly rent is received by the agent/owner *on* the fifth day after the due date thereof; . . ." (Emphasis supplied.) Therefore, my initial concern is with the true meaning of that portion of the lease agreement giving the lessor the right to collect an additional sum of $50, without regard to whether that charge is construed to be liquidated damages or an invalid penalty. If the quoted language is read strictly, it would appear to mean that this "charge" is due and payable by the tenant only if the monthly rental payment is actually made *on* the fifth day of the month. While this may be an overly strict interpretation of the lease agreement, we are dealing with a provision which requires a substantial payment by the tenant over and above the actual rent reserved by the lease. Contrary to the majority's determination, I simply do not believe that this provision meets the criteria of liquidated damages as enunciated in the cases cited by the majority.

For the purposes of this dissent, I will accept the majority's summary of the determinations which must be made by a court in order to find a provision enforceable as liquidated damages rather

than unenforceable as an unlawful penalty: "(1) that the injury caused by the breach is difficult or impossible to estimate accurately, (2) that the parties intended to provide for damages rather than a penalty, (3) that the sum stipulated is a reasonable pre-estimate of the probable loss." Pretermitting compliance with (1) and (2), I am firmly convinced that the "sum stipulated" is not "a reasonable pre-estimate of the probable loss." There is nothing in the record which would allow us to make such a determination. Even if we should rewrite the landlord's contract for him and construe the provision to mean that the late penalty is due if the rent is paid on *or after* the fifth day of the month, the stipulated sum simply does not constitute the required reasonable pre-estimate of the damages which may be sustained by the landlord. Presumably, the same $50 fee would be due if the rent were paid on the fifth day of the month or the last day of the month. "Where, to secure the performance of the terms of a contract, there is a stipulation for the payment of a fixed, unvarying sum upon the breach thereof by one of the parties, irrespective of the time of the breach, and it appears that the amount of the damages which result from a breach would be controlled mainly by the time at which the breach occurred, the stipulation is prima facie a penalty." *Florence Wagon Works v. Salmon,* 8 Ga. App. 197, 198 (68 SE 866) (1910). It is clear that where the characterization of the disputed provision is in doubt, the courts generally will adopt the construction which holds the stipulated sum to be a penalty rather than the enforceable liquidation of damages. See *Thorne v. Lee Timber Products,* 158 Ga. App. 226 (279 SE2d 521) (1981). At best, the correct construction of the disputed provision is in doubt and, at worst, it is clearly an unreasonable and arbitrary penalty. Therefore, I agree with the trial court that the provision was void and, accordingly, I believe that the judgment of the trial court should be affirmed.

I am authorized to state that Judge Sognier joins in this dissent.