70238, 70239. GODBEE v. CLEMENT INVESTMENTS, N.V.; and vice versa.
(338 SE2d 486)

McMURRAY, Presiding Judge.

This action arises from a lease of certain farmland. Plaintiff Clement Investments, N.V.'s amended complaint seeks damages for

unpaid rent, for holding over beyond the term of the lease and trespass, and for holding over after the trial court ordered defendant to vacate the premises. Defendant Godbee's amended counterclaim seeks damages alleged to be due because an irrigation system on the subject property failed to function properly, adversely affecting defendant's watermelon crop.

Plaintiff, by motion in limine, sought to exclude from evidence any "testimony or documents or comment by counsel relative to any expenses of cultivation and loss of anticipated profits by defendant . . ." Upon consideration of plaintiff's motion the trial court overruled the motion, but ordered that: "Defendant's evidence on the counterclaim shall be considered by the Court and jury only insofar as same may go to reduce in whole or in part the rental money claimed by Plaintiff . . ."

Both parties, being dissatisfied with the trial court's ruling on plaintiff's motion in limine, made application for interlocutory appeal. Both applications were granted. *Held*:

1. In Case No. 70239 plaintiff enumerates as error the denial of its motion in limine and the trial court's refusal to exclude from evidence or comment upon the trial of the case evidence of the defendant's loss of anticipated profits and cost of cultivation. Plaintiff argues that the lease falls short of creating any duty on its part in regard to the proper operation or repair of the irrigation system and that absent such a duty, evidence as to defendant's loss of anticipated profits or cultivation cost are not relevant.

The lease involved over 1,000 acres of land, 430 of which were covered by an irrigation system. Defendant planted his watermelon crop on the "irrigated" land and attempted to use the irrigation system to supply water to the crop as needed. However, defendant's attempts to use the irrigation system were frustrated by frequent breakdowns of the system.

Before entering into the lease at issue defendant was familiar with the system. Indeed, defendant had a lengthy business relationship with plaintiff during the course of which defendant had selected and supervised the installation of the irrigation system. The irrigation system had not operated properly at any time.

Plaintiff contends that, because defendant rented the land with knowledge of the defective condition of the irrigation system, it had no obligation to repair the system in the absence of an agreement to do so. See *Bosworth v. Thomas*, 67 Ga. 640; *Driver v. Maxwell*, 56 Ga. 11 (2). Plaintiff argues that no agreement of this type occurs in the lease. However, plaintiff's position overlooks a portion of the paragraph of the lease which deals with the responsibilities of the parties for maintenance and repair of the irrigation system. Under the lease plaintiff assumed "responsibility for the repair of the power unit or

pump should there be a failure to properly operate . . ." The evidence details numerous failures of the irrigation system, some of which clearly involved those components of the irrigation system for which plaintiff was responsible. Other problems with the irrigation system may have derived from the components for which plaintiff was responsible.

In general, the evidence as to the nature of the various problems is not clear, nor is the terminology in the lease referring to the various components of the irrigation system defined. There is no evidence of any repairs by plaintiff during the term of the lease. Thus, a jury would be authorized to conclude that plaintiff breached its duty to repair.

2. In Case No. 70238 defendant enumerates as error that portion of the trial court's order limiting his recovery on his counterclaim to the amount of rent due. Defendant argues that as the lease contains no provisions limiting plaintiff's liability for breach of its provision, his recovery on his counterclaim should not be limited.

With regard to the counterclaim, plaintiff contends that its liability is limited by a lease provision which provides for an adjustment of rent should an anticipated modification of the irrigation system by the manufacturer take place. However, there is no language in the contract suggesting that this provision is intended to provide the measure of damages in the event of a breach. See *Jones v. Clark*, 147 Ga. App. 657, 659 (2) (249 SE2d 619). Even if such an intent were expressed this contract provision would not be enforceable as liquidated damages. In deciding whether a contract provision is enforceable as liquidated damages the court makes a tripartite inquiry including the issue of whether the sum stipulated is a reasonable pre-estimate of the probable loss. *Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710). At this time the record contains no evidence authorizing an affirmative conclusion as to this issue, therefore, the lease provision at issue may not be enforced as a liquidated damages clause.

It follows that the trial court erred in limiting defendant's damages on his counterclaim by ruling that defendant's evidence of damages to his crop could be considered only insofar as it would reduce the plaintiff's claim for past due rent. "The measure of damages for breach of contract is the amount which will compensate the injured person for a loss which a fulfillment of the contract would have prevented or the breach of it entailed. That is, the injured person is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been if the contract had been fully performed. [Cits.]" *Accent Walls, Inc. v. Parker*, 162 Ga. App. 633 (1) (292 SE2d 509).

*Judgment reversed in Case No. 70238. Judgment affirmed in Case No. 70239. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1985 —
REHEARING DENIED DECEMBER 2, 1985 — 

William H. Boice, Charles B. Merrill, Jr., for appellant.
Timothy S. Mirshak, Harry H. Hunter, Thomas R. Burnside, Jr., for appellee.