*Thomas E. Greer*, for appellees.

### 73140. MATHIS v. ROME TRACTOR COMPANY.
(349 SE2d 282)

BANKE, Chief Judge.

Appellee Rome Tractor Company leased two pieces of heavy equipment to appellant Mathis pursuant to a written rental agreement. Based on allegations that Mathis had ceased paying rent and refused to return the equipment, appellee filed suit to recover damages for breach of the agreement. Mathis counterclaimed for certain rental payments allegedly owed to him by the appellee. The jury returned verdicts for both parties for delinquent rent, and Mathis appealed. *Held*:

1. Appellant enumerates as error the failure of the trial court to grant his motion for directed verdict based on his claim that the rental agreement between the parties had expired and been replaced by a new purchase agreement. This enumeration of error is without merit. Both parties testified at trial that the rental agreement included an option to purchase the equipment, which could be exercised at any time by the lessee. Although it appears that appellant expressed an intention to exercise the option and that a purchase price was mutually agreed upon by both parties, the evidence showed that appellant neither tendered the purchase money nor returned the equipment. Appellee's agent testified that because the option was not actually exercised, the rental agreement was treated by the appellee as having remained in force. "The standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard. [Cit.]" *United Fed. Sav. &c. Assn. of Waycross v. Connell*, 166 Ga. App. 329, 330 (304 SE2d 131) (1983). Since there was evidence supporting appellee's claim, the trial court did not err in submitting that claim to the jury.

2. During their deliberations, the jury asked the court if they should determine the ultimate disposition of the equipment. The court responded that the jury was not to make that determination. Appellant now contends that the ruling was erroneous. Since no such objection was raised at trial, the issue will not be considered on appeal. See *DuBois v. Ray*, 177 Ga. App. 349 (5) (339 SE2d 605) (1985).

3. Finally, appellant asserts that the court erred in instructing the jury as follows: "If the parties agree, in their contract, what the damages for a breach shall be, then they are said to liquidated, and unless the agreement violates some principle of law, the parties are bound thereby."

The following provision was contained in the rental agreement:

"If lessee fails to return the equipment promptly at the end of the term, additional rental shall be payable for each day pro rata at one and one-half times the standard rental." Generally speaking, such a late-charge clause provision contained in a lease is enforceable provided it constitutes a lawful liquidated-damages provision rather than an unlawful penalty. See *Krupp Realty Co. v. Joel*, 168 Ga. App. 480 (1) (309 SE2d 641) (1983); *Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710) (1980); OCGA § 13-6-7.

Appellant does not contend that the provision in question was invalid or unenforceable for any reason but complains that the court's charge improperly assumed the existence of a valid contract. However, as the appellant himself unequivocally and repeatedly acknowledged having entered into the rental-purchase agreement, it would not appear that any basis existed for a conclusion that he was not bound by its provisions. This enumeration of error is accordingly meritless.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1986.

*Patrick R. Clements*, for appellant.
*S. David Smith, Jr.*, for appellee.