## POTOMAC LEASING COMPANY, Appellant,

v.

## HOUSING AUTHORITY OF the CITY OF EL PASO, Appellee.

### No. 08–87–00052–CV.

Court of Appeals of Texas, El Paso.

Dec. 16, 1987.

Rehearing Denied Jan. 13, 1988.

Stanley W. Rosen, Stanley W. Rosen, P.C., Charles Louis Roberts, El Paso, for appellant.

Michael C. Crowley, Christie, Berry & Dunbar, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a summary judgment awarding the Appellee statutory penalties based upon a claim of usurious interest arising out of collection efforts following a default on a lease agreement. We conclude that there was no credit involved in this transaction and usury statutes are not applicable. We reverse and remand.

The Appellee, Housing Authority of the City of El Paso, entered into a written agreement with B & C Office Machines to rent a copy machine for thirty-six months at $850.00 per month. The copier was apparently supplied by Potomac Leasing Company but the agreement does not list the name of the supplier. The line for the name of the supplier is blank.

When Appellee experienced difficulties with the copy machine and failed to make the monthly payments as provided for in the rental agreement, Potomac had B & C repossess the copier. In February 1986, Potomac filed suit in Michigan, where it had its place of business, and sought to recover, in addition to other sums, late charges of $795.60 and interest of $612.36. As a result of that suit being filed, the Appellee filed suit in El Paso, Texas, seeking to recover statutory penalties under the Texas usury laws, along with damages, for fraud and for a breach of the Texas Deceptive Trade Practices–Consumer Protection Act. The Appellee obtained a summary

judgment on its usury claims and the other issues were severed.

The controlling issue in this case is whether the charging of interest and late payments in the Michigan pleading can give rise to a cause of action under the Texas usury law in a rental or lease transaction which involves no loan or credit transaction.

Even though a loan agreement or other creditor relationship may be lawful, an attempt to collect interest or late payment charges can result in a usurious transaction. The mere charging of excessive interest constitutes usury in a credit transaction. *Danziger v. San Jacinto Savings Association*, 732 S.W.2d 300 (Tex.1987). See cases cited in *Dryden v. City National Bank of Laredo*, 666 S.W.2d 213 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Does the same rule apply in a lease or rental transaction? Apparently, it does not. In *Holley v. Watts*, 629 S.W.2d 694 (Tex.1982), the Court said:

> The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower. *Pansy Oil Co. v. Federal Oil Co.*, 91 S.W.2d 453, 455 (Tex.Civ.App.—Texarkana, 1936, writ ref'd).

In an earlier case involving a lease transaction, the Court had pointed out that to establish usury it was necessary to first establish that the leases were not mere leases but were, instead, lease-purchase agreements. *Transamerican Leasing Company v. Three Bears, Inc.*, 586 S.W.2d 472 (Tex.1979). In this case there is no claim of a lease-purchase agreement.

A leading case on this issue is *Maloney v. Andrews*, 483 S.W.2d 703 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.). That appeal resulted from a suit for unpaid rentals under a lease agreement. The defendant filed a counterclaim for usury claiming that a contract provision for payment of late charges constituted a contract for interest in violation of Article 5069–1.01(a), Tex.Rev.Civ.Stat.Ann. In rejecting this claim, the Court noted that Article XVI, Section 11 of the Texas Constitution covers only loan transactions and applies to lenders of money. The Court said:

> Article 5069–1.01 et seq., R.C.S.T., in implementing Section 11, Article XVI of the constitution specifically states that the statute applies to credit transactions and to loans and lenders of money and does not in any way refer or apply to lease agreements. Nowhere in the statute does there appear any provisions which specifically or by implication apply to lease agreements.

\* \* \*

> In the instant case there is no lending transaction. There is no interest charged or received, and usury is not present in the case. The court was therefore correct in sustaining appellee's motion for an instructed verdict on appellant's counterclaim for usury.

That decision was the basis for a similar holding in *Apparel Manufacturing Company, Inc. v. Vantage Properties, Inc.*, 597 S.W.2d 447 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). That case also involved a lease agreement with a provision for a late charge payment if rental payments were ten days late. The Dallas Court in *Brokers Leasing Corporation v. Standard Pipeline Coding Company*, 602 S.W.2d 278 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), again followed the *Maloney* case and concluded "there can be no usury in a lease transaction."

The rationale for such a conclusion is that no credit transaction is involved. Under the normal lease agreement, the first payment is made when the equipment or property is delivered. Monthly payments extend the lease and the right to possession of the item under lease. Under the normal loan transaction, credit is involved. Under the open account transaction, credit is extended from the date of purchase to the date of payment. A violation of the usury statute in those cases results from a credit transaction. That is not the case under a bona fide lease agreement.

We sustain Point of Error No. One and hold that the sums charged for the breach of the rental agreement did not violate the usury law in Texas.

The judgment of the trial court is reversed and the case remanded to the trial court.