The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, Arkansas 71762-0052
Dear Representative Newman:
This is in response to your request for an opinion concerning the assessment of late charges on overdue club membership fees. Your questions involve Arkansas usury law. Specifically, you have outlined an example of a club billing practice and pose two questions regarding its legality. The example you pose is as follows:
 If the monthly dues for club membership is [sic] $100, this amount is billed on the first of the month and if not paid by the twentieth of the month, a late charge, penalty, or rebilling fee of ten percent of the overdue balance is assessed, making the amount now due $110. On the first of the next month, the amount billed is $110 for the previous month and $100 for the current month for a total of $210. If the $210 is not paid by the 20th of the current month, a late charge, penalty, or rebilling fee of ten percent of the overdue balance, or $21 is added, making the amount now due $231, and so on until the dues and late charges, penalties or rebilling fees are paid.
Your two questions with regard to this example are as follows:
1. Does the above practice result in usurious charges?
 2. If late charges, penalties, or rebilling fees applied as above described result in usurious charges, what is the penalty?
It has been stated by the Arkansas Supreme Court that: "It is not possible to state a hard and fast rule which will automatically solve the question of whether a contract is usurious. This is true because no two cases rest upon identical facts, and the facts are frequently the determinative question rather than the rules of law. Such factors include the intentions of the parties, the amount of the loan, the dates and places of contracting, and the performance." Bunn Lumber Co. v.Weyerhaeuser Co., 268 Ark. 445, 448, 598 S.W.2d 54 (1980). I cannot, therefore, conclusively determine whether a particular transaction is usurious. A court will examine such a case on all of its own particular facts. Tackett v. First Savings of Arkansas, 306 Ark. 15, 810 S.W.2d 927
(1991).[1]
I can, however, set out the most relevant caselaw regarding "late charges," and summarize the facts giving rise to the decisions in those cases.
It has been stated that:
 A late charge which is in the nature of a penalty will not render a transaction usurious. Harris v. Guaranty Financial Corp., 244 Ark. 218, 424 S.W.2d 355 (1968). However, a charge which is labeled a penalty, but which is really a subterfuge for interest, may render a transaction usurious. Redbarn Chemicals, Inc. v. Bradshaw, 254 Ark. 557, 494 S.W.2d 720 (1973). Although we examine each case of this type on all of its own particular facts, two of the principal factors in determining if the charge is truly a penalty are whether the charge is fixed in amount and whether it is assessed as a one-time charge. Bunn v. Weyerhaeuser Co., 268 Ark. 445, 598 S.W.2d 54 (1980). We look to those two factors because they are indicators of whether the charge is designed to induce prompt payment and whether the borrower has it in his power to avoid the charges. Hayes v. First National Band of Memphis, 256 Ark. 328, 507 S.W.2d 701 (1974).
Smith v. Figure World Plus, Inc., 288 Ark. 355-356, 705 S.W.2d 432
(1986).
The court in Figure World noted that the late charges assessed therein (on a health club membership), were fixed in amount (ten dollars a month if payment was late), and were charged only one time. The court also noted that the late charges were "not compounded." Id. at 356. The contract was thus held non-usurious.
In another "late charge" case, Hayes v. 1st National Bank of Memphis,Tenn., 256 Ark. 328, 507 S.W.2d 701 (1974) (relied on by the FigureWorld court), the test was explained as followed:
 We have held that a `late charge' is in the nature of a penalty for delinquency and does not render the transaction usurious, even when provided for in the instrument evidencing it. Harris v. Guaranty Financial Corporation, supra; Carney v. Matthewson, 86 Ark. 25, 109 S.W. 1024. See also, Phipps-Reynolds Co. v. McIlroy Bank Trust Company, 197 Ark. 621, 124 S.W.2d 222. The rationale of these cases and others like them is that agreement for penalties to include prompt payment are free from usury, because the buyer has it in his power to avoid the penalty by discharging the debt when it is due. [Citations omitted.] This is not to say that an agreement of this sort will not be declared usurious if it is shown to be a mere contrivance to avoid usury and the real intention is loan or forbearance of money and the taking of more than legal interest. [Citations omitted.] But such an intention must first be made manifest from the agreement itself or from extraneous proof.
256 Ark. at 331.
The court in Hayes held the late charges in that case (which were levied on a mobile home debt), non-usurious, in part because there was no evidence of any intention to avoid the usury laws.
As can be seen from the cases above, each situation must be evaluated on its own facts in order to determine whether a violation of Arkansas usury laws has occurred.[2]
The Figure World case appears to be the most similar to the example you have described, and in that case the contract was found non-usurious. One striking difference is apparent between the facts of that case and your example. In your scenario, the charges appear to be "compounded," in that future late charges are computed on previously levied late charges. As is evident in the Figure World case, this is factor the courts will consider in determining whether a contract is usurious. The question of whether this factor alone is sufficient to render a contract usurious is a unclear, and will be for the courts to answer.
If the late charge is viewed as cloak for usury, a court will then undertake the mathematical calculation to determine whether the usury limit has been exceeded. I cannot undertake such a factual calculation in the context of an Attorney General's opinion.
In response to your second question, the relevant sections of Amendment 60 provide two separate penalties, one for all loans in excess of the maximum lawful rate and one for consumer loans and credit sales with an interest rate in excess of 17%. See Bishop v. Linkway Stores, Inc.,280 Ark. 106, 655 S.W.2d 426 (1983). The former are "void as to the unpaid interest," and a person who has paid excessive interest on such a contract may recover "twice the amount of interest paid." All consumer loans and credit sales contracts having a greater rate of interest than 17% "shall be void as to principal and interest." Of course, again, the application of these penalties to individual transactions will depend upon all the facts and circumstances surrounding a particular contract.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Your question inquires only about Arkansas usury law. It should be noted, however, that in recent years, private class action lawsuits have been filed on a common-law theory that punitive contract provisions (in this case provisions addressing late fees) are unenforceable unless reasonably commensurate with the anticipated loss for a breach of the contract. See, e.g., Oliver, et al. v. Comcast Cablevision (OT 97-6470 Pulaski County Chancery 5th Div. 1997).
[2] A threshold question in each case may be whether the laws of Arkansas, or of some other state, apply to the transaction. See, e.g., Op. Att'y Gen. 93-192.