The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This is in response to your request, on behalf of a constituent, for an opinion on the charging of late fees to lessees of rental property. Specifically, you have enclosed a letter from your constituent which indicates that many persons in the rental business charge a late fee if a tenant is late with the rent. The constituent "has recently found out that there is no ruling which separates late fees from interest and there are some in the legal field that say when the late fee amounts to more than the legal rate of interest on the rent, it should be usurious." Your constituent therefore requests "a decision on clarification that the late charges on rental contracts be a separate item from interest."
In my opinion, late fees charged in connection with the rental of real estate will in most cases not be challengeable as usurious because no loan or extension of credit exists. In certain circumstances, however, such late fees can be unenforceable on other grounds. They will be struck down by the courts if excessive, and in the nature of a penalty.
An initial question arises as to whether the Arkansas usury provision applies to a rental of real property. See Arkansas Constitution, art. 19, § 13 (applying to "any contract," and to "consumer loans" and "credit sales.") The Arkansas Supreme Court has, in past years, scrutinized contracts to determine whether they are "true leases" or in reality conditional sales contracts containing interest. See, e.g., Bell v. ItekLeasing Corp., 262 Ark. 22, 555 S.W.2d 7 (1977). The former are apparently not subject to usury restrictions. As stated in a dissenting opinion by Justice Fogelman: "[t]he taint of usury can only attach to a loan of money or forbearance of a debt, either in form or substance."Standard Leasing Corp. v. Schmidt Aviation, Inc., 264 Ark. 851, 8576 S.W.2d 181 (1979). Although there is no controlling decision in Arkansas, the courts of other states have held that late fees charged on the rental of real property are not subject to a usury challenge. See,e.g., Krupp Realty Company v. Joel, 168 Ga. App. 480, 309 S.E.2d 641
(1983); and Apparel Manufacturing Company v. Vantage Properties, Inc.,597 S.W.2d 447 (Ct. Civ. App. Texas 1980).
As a general proposition, therefore, the changing of such fees will not be subject to Arkansas usury provisions. When addressing questions of usury, however, a court will determine each case on its own facts.
If for some reason, as a factual matter, the charging of such fees falls within the ambit of usury law, cases addressing late fees in the context of usury law are instructive. Such charges are generally upheld as non-usurious if they are fixed in amount, charged as a one-time fee, and not compounded. The issue, however, will always turn upon the facts surrounding a particular transaction. As stated by the Arkansas Supreme Court:
 A late charge which is in the nature of a penalty will not render a transaction usurious. Harris v. Guaranty Financial Corp., 244 Ark. 218, 424 S.W.2d 355 (1968). However, a charge which is labeled a penalty, but which is really a subterfuge for interest, may render a transaction usurious. Redbarn Chemicals, Inc. v. Bradshaw, 254 Ark. 557, 494 S.W.2d 720 (1973). Although we examine each case of this type on all of its own particular facts, two of the principal factors in determining if the charge is truly a penalty are whether the charge is fixed in amount and whether it is assessed as a one-time charge. Bunn v. Weyerhaeuser Co., 268 Ark. 445, 598 S.W.2d 54 (1980). We look to those two factors because they are indicators of whether the charge is designed to induce prompt payment and whether the borrower has it in his power to avoid the charges. Hayes v. First National Bank of Memphis, 256 Ark. 328, 507 S.W.2d 701 (1974).
Smith v. Figure World Plus, Inc., 288 Ark. 355-56, 705 S.W.2d 432
(1986).
The court in Smith v. Figure World also relied upon the fact that the charges were not "compounded." See also Tackett v. First Savings ofArkansas, 306 Ark. 15, 810 S.W.2d 927 (1991) and Op. Atty. Gen. 98-119. Additionally, the Smith court cited an earlier case, Hayes v. FirstNational Bank of Memphis, 256 Ark. 328, 507 S.W.2d 701 (1974), for the proposition that "agreements for penalties to induce prompt payments are free from usury because the buyer has it in his power to avoid the penalty by discharging the debt when it is due." Id. at 331.
In many cases, therefore, even if usury law is applicable to a real estate rental, the charging of a late fee for nonpayment will survive a usury challenge. Again, however, the court will review each case on its own facts to determine whether the charges are really a cloak for usury.
The question posed by your constituent inquires only about usury law. It should be noted, however, that the charging of late lees, depending on the facts, could also give rise to an argument that the fees are unconscionable. Some courts have held that lease provisions allowing "per diem" late fees for failure to pay rent are excessive and unconscionable. See, e.g., Sun Ridge Investors Limited v. Parker,956 P.2d 876 (Okla. 1998) (Oklahoma Supreme Court struck down lease provision authorizing five dollars per day late charge for nonpayment of apartment rent). Courts faced with one-time charges, however, have sometimes upheld these fees as nonusurious and as proper liquidated damages. See, e.g., Krupp Realty Company et al. v. Joel,168 Ga. App. 480, 309 S.E.2d 641
(1983) (fifty dollar late fee required in lease if rent not paid by the fifth of the month valid). Again, the issue will turn upon the particular facts and circumstances surrounding an individual lease agreement.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh