United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2003**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

--------------------

m 03-40608
Summary Calendar

--------------------

IN THE MATTER OF:

BOB GASTON, JR., AND NELDA GASTON,

Debtors.

BOB GASTON, JR., AND NELDA GASTON,

Appellants,

VERSUS

NEW CENTURY FINANCE, L.L.C.; BRUCE HOULE;
AND BANCORP GROUP, INC.,

Appellees.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
m M-01-CV-21

--------------------

Before SMITH, DEMOSS, and STEWART,
Circuit Judges.

PER CURIAM:[*]

Bob and Nelda Gaston appeal an adverse ruling on their numerous claims against New Century Finance, L.L.C. ("New Century"), Bruce Houle, and Bancorp Group, Inc. ("Bancorp") arising from Bob Gaston's lease of a laptop computer shortly before his bankruptcy, and attempts by New Century and Bancorp to collect the lease payments owed them and to recover the computer after Gaston's default. In an adversary proceeding before the bankruptcy court, the Gastons sued for (1) violations of the automatic stay required by the Bankruptcy Code; (2) common law unfair collection practices; (3) violation of the Texas Deceptive Trade Practices Act ("DPTA"); (4) malicious prosecution; (5) abuse of process; (6) usury; and (7) libel.

Our review is of the district court's affirmance of the bankruptcy court, so we apply the same standards of review as did the district court. The bankruptcy court's findings of fact are reviewed for clear error and its conclusion of law *de novo*. *In re Coho Resources, Inc.*, 345 F.3d 338 (5th Cir. 2003).

I.

The district court properly held that truth is an absolute defense to a libel claim. It was also correct in determining that the bankruptcy court's finding was not clearly erroneous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

II.

The district court saw no error in the bankruptcy court's findings with regard to the terms of the lease and that there was no violation of the DTPA. On this appeal, the Gastons do nothing more than restate their allegation that New Century violated the act. We see no error in the district court's holding in this regard.

III.

The district court correctly decided that there was no clear error in the bankruptcy court's finding that there was neither a showing of outrageous conduct on the part of the defendants nor a showing that their conduct caused physical harm. Both are required to state a cause of action for unfair debt collection practices.

IV.

To state a claim for malicious prosecution, the plaintiff must show: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515 (Tex. 1997). The district court found no error in the bankruptcy court's ruling that the defendants were entitled to summary judgment. There is nothing in the record to indicate that this was error or that New Century did not have probable cause and act reasonably.

V.

As the district court found, an abuse of process claim must show an improper use of process after its issuance, not merely its procure-

ment. *Snyder v. Byrne*, 770 S.W.2d 65 (Tex. App.SSCorpus Christi 1989, no writ). There is no evidence to challenge the bankruptcy court's finding that no actionable conduct occurred after process was issued. Therefore, summary judgment was proper.

## VI.

The district court was correct in stating that a claim of usury is inapplicable in a lease transaction. *Maloney v. Andrews*, 483 S.W.2d 703 (Tex. Civ. App.SS1972, writ ref'd n.r.e.). The bankruptcy court found that the lease in question was a true lease and therefore does not provide the basis for a usury claim. This finding is not erroneous.

## VII.

After a trial, the bankruptcy court made detailed findings of fact and conclusions of law. The district court was correct in stating that there is no indication of clear error in the bankruptcy court's findings that (1) Bancorp committed no willful or knowing violations of the automatic stay, because it lacked knowledge of the bankruptcy, and that even if it did have knowledge, the Gastons failed to prove that they suffered actual damages as a result; and (2) New Century committed one knowing violation of the automatic stay, for which the Gastons were damaged in the amount of $621.01.

## VIII.

The Gastons seek $140,000 in attorney's fees and $16,000 for costs. After trial, the bankruptcy court found that reasonable fees were $3,000. It also stated that Bob Gaston's hands were not clean, that his counsel's "[s]corched earth tactics are inappropriate," and that § 362 is not a blank check for plaintiffs and their counsel to run up fees. There is no indication that any part of this finding is clearly erroneous.

## IX.

The bankruptcy court concluded that Bob Gaston had converted the laptop that was owned by New Century. It also decided that the value of the laptop at the time of conversion was $1,400 and awarded that amount as damages to New Century. There is nothing to indicate that the bankruptcy court's findings of fact were clearly erroneous or that its conclusions of law were incorrect.

AFFIRMED.