## 50471. MILITARY ARMAMENT CORPORATION v. ITT TERRYPHONE CORPORATION.

EVANS, Judge.

Military Armament Corp. entered into a lease agreement with ITT Terryphone Corp. for the installation of a music tape system and equipment which was to be operated through telephone equipment. The agreement was for 36 months. After the equipment was installed, Military Armament was unable to make the rental payments, and requested ITT Terryphone to remove the equipment. The equipment was removed and then ITT Terryphone advised Military Armament it was charging the rental for the entire rental period of the lease, and that paragraph 15 (c) of the contract provided that all unpaid rentals and all other charges, costs or expenses became due immediately at termination of the lease, with interest thereon at 6% per annum until paid as the agreed liquidated damages for customer's breach.

ITT Terryphone sued Military Armament in the Civil Court of Fulton County for the sum of $5,518.88, plus interest and attorney fees. The defendant, both in its answer and in answer to a request for admissions,

admitted jurisdiction and admitted the substance of the lease contract, as alleged, but denied owing the liquidated damages.

A jury was waived and trial was held before the judge. The court found the defendant had defaulted in its rental payments to plaintiff; that the equipment in question was removed at defendant's request; and that plaintiff invoiced defendant for the liquidated damages after informing defendant that it would hold defendant liable for the full rental under the terms of the contract. The trial judge also found that the equipment in question had become obsolete by the time said equipment was removed.

The court made a conclusion of law that the contract provided for liquidated damages which was agreed to between the parties, and that same is not unreasonable; and is enforceable as a liquidated damages provision. Judgment was rendered in favor of the plaintiff against the defendant for principal and interest. Motion for new trial was duly filed and denied. Defendant appeals. *Held:*

1. Defendant has filed several enumerations of error in this court but the substance of all of them is that the trial court erred in its conclusion of law to the effect that the provision of the contract providing for liquidated damages was enforceable. Defendant contends the court should have held the provision as to liquidated damages invalid and unenforceable, and contended said finding rendered the entire judgment erroneous.

2. The liquidated damages awarded in this case were authorized by the contract and do not constitute a penalty as provided in Code § 20-1403, which was the principal contention of the defendant.

3. The conclusion of law by the court as to the validity of the contract was authorized by the evidence and is supported in such cases as *Fulton County v. Atlanta Envelope Co.,* 90 Ga. App. 623, 630 (83 SE2d 866) and *McGuire v. Associates Capital Services Corp.,* 133 Ga. App. 408, 410 (2) (3) (210 SE2d 862).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED APRIL 30, 1975.

*Schreeder, Wheeler & Flint, David H. Flint, Warren O. Wheeler,* for appellant.

*Lazarus, Stokes & Kaplan, John H. Watson,* for appellee.