## 51114. HUGHES MOTOR COMPANY v. FIRST NATIONAL BANK OF ATLANTA.

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 23, 1975.

*Martin , Kilpatrick & Davidson, Marcus B. Calhoun, Jr.,* for appellant.
*Armour & Cielinski, Michael Cielinski,* for appellee.

DEEN, Presiding Judge.

1. Code § 6-802 requires "a concise statement of the judgment, ruling or order entitling the appellant to take an appeal." This notice recites that it is from the order granting plaintiff's motion for summary judgment entered on May 15, 1975. The order, which is in the record, was signed on May 15 but entered on May 20. In view of Code § 6-809 this does not render the appeal subject to dismissal. *Beaubien v. Bogle,* 126 Ga. App. 406 (1) (190 SE2d 830); *Brackett v. Allison,* 119 Ga. App. 632 (168 SE2d 611).

2. Paragraph 14 of the lease stipulates that upon default, the lessor may terminate the lease, take possession of the equipment for its own purposes, and may "with or without legal process and employing all such

force as may be necessary" enter and seize it from any premises on which it is located. The appellant contends that such provisions are unconstitutional and under the lease void. However, the present action seeks a money judgment only under the acceleration provisions of the lease. The illegality of an option not in fact used does not render the entire contract void unless a statute makes it so. For example, there can be no recovery under the Industrial Loan Act for a usurious loan because Code § 25-9903 specifically provides that loan contracts in violation thereof shall be null and void. *Hodges v. Community Loan &c. Corp.,* 234 Ga. 427 (216 SE2d 274). The questionable enforceability of this provision is immaterial in view of the posture of the case, since no seizure was effected.

3. Appellant's second enumeration of error alleges that the acceleration provisions of the lease are unenforceable against him. We feel bound by the decision in *Military Armament Corp. v. ITT Terryphone Corp.,* 134 Ga. App. 694 (215 SE2d 724) which holds that when authorized by the contract such acceleration of the entire rental price represents liquidated damages and does not constitute a penalty as provided in Code § 30-1403.

4. The acceleration provisions of the contract being enforceable against the appellant as liquidated damages authorized under the contract and there being no genuine issue of material fact, the trial court's order granting summary judgment to appellee must be affirmed.

*Judgment affirmed. Evans and Stolz, JJ., concur.*