## 56141. JONES v. CLARK et al.

BANKE, Judge.

The appellant brought this suit to collect rental payments due under a 5-year lease contract with the appellees. The trial judge found the lease to be void for illegality and granted summary judgment to the appellees. He also denied a motion for summary judgment filed by the appellants.

The lease provided that the premises could be used only for the operation of a liquor store. The rent was set at $500 per month as the "minimum rental," with an additional requirement that the appellees pay a stated percentage of their gross sales to the extent that this amount exceeded the minimum rental. The State Revenue Department issued a retail liquor license to the business but subsequently informed the appellees that they were in danger of losing the license because of the percentage rental feature of the lease. Rule 560-2-5-.02 (5) of the Rules of the Department of Revenue provides in part: "No retail license shall be approved where the licensee pays to any person, firm, or corporation, any rent ... based upon the profits or sales of such licensed store."

Having realized the possible consequences of the percentage rental provision, the appellees expressed their concern in a letter to the appellant. In response, the appellant wrote: "We will waive the percentage clause in order to comply with your licensed [sic] regulations, but we are unwilling to cancel the lease."

Although no formal action was ever initiated by the Revenue Department to revoke or rescind the license, the appellees closed the store, returned the keys to the appellant, and discontinued paying rent. The appellant accelerated the remaining "minimum rental" payments in accordance with the default provisions of the lease and initiated this litigation. At no time have any payments come due under the percentage clause, nor have any ever been demanded. *Held:*

1. Pretermitting the question of whether the Revenue Department regulation had the effect of rendering the percentage clause illegal as against public policy, we do not believe that such illegality would

necessarily render the remainder of the contract void. Code § 20-501 provides: "A contract to do an immoral or illegal thing is void. If the contract be severable, that which is legal will not be annulled by that which is illegal." Code § 20-112 provides: "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties."

The lease contract contained the following "Severability Provision": "If any part or parts of this lease should be declared void or unenforceable . . . for any reason whatsoever, such unenforceability and such void portion shall not vitiate any other part of this lease . . . but all and every part of this lease not void and not held to be unenforceable shall be fully binding on the parties." In view of this contractual provision, as well as the appellant's prompt waiver of the percentage clause upon being informed of the conflict with the Department of Revenue regulation, we hold that the percentage clause was severable and that its presence, even if illegal, did not void the remainder of the contract. "Since the contract is severable, even if there is a partial failure of consideration because of illegality, the [defendant] here cannot object if the opposite party is willing to accept the performance of the remaining portions of the contract." *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850, 867 (118 SE2d 234) (1960). See also *Roberts v. H. C. Whitmer Co.,* 46 Ga. App. 839 (169 SE 385) (1933). The grant of summary judgments to the appellee is accordingly reversed.

2. The lease contained an acceleration provision which allowed the appellant to accelerate all remaining rental payments for the entire term of the lease in the event of a breach and also to repossess the premises with *the option* of reletting them for the appellee's benefit. On the basis of this provision, the appellant moved for summary judgment for the accelerated balance of the rental payments called for over the entire remaining four-and-a-half-year term of the lease. He enumerates as error the denial of this motion.

We find the acceleration provision to be a penalty provision rather than a liquidated-damages provision and thus affirm the denial of summary judgment. See generally 19 EGL 255, 259, Landlord and Tenant, § 59. In the first place, the lease does not refer to this provision as one for liquidated damages, nor does it otherwise manifest an intent to treat it as a provision for liquidated damages. In addition, it is manifestly unreasonable and oppressive to allow a landlord to collect in advance four-and-a-half years' worth of rental payments at their full future value while also allowing him to retake the premises with no obligation to relet them for the benefit of the tenant. Needless to say, such a result would provide the landlord with a recovery bearing no reasonable relation to his probable actual damages. Finally, the actual damage to the appellant from the breach is easily ascertainable. See generally *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236 (2) (124 SE2d 311) (1962); *Szabo Assoc. Inc. v. Peachtree-Piedmont Assoc.,* 141 Ga. App. 654 (234 SE2d 119) (1977). For these reasons, we find that the acceleration provision is in the nature of a penalty rather than a provision for liquidated damages and thus that it is unenforceable. See generally *National Manufacture &c. Corp. v. Dekle,* 48 Ga. App. 515 (173 SE 408) (1934); *Miazza v. Western Union Tel. Co.,* 50 Ga. App. 521 (1) (178 SE2d 764) (1934); 8 EGL 49, Damages, § 39 (1978 Rev.).

Those cases upholding the validity of similar acceleration provisions in lease agreements involving personal property are not in conflict with this holding, since it appears that those cases were based upon a finding that the parties expressly intended the provision to be an agreement for liquidated damages. See *Military Armament Corp. v. ITT Terryphone Corp.,* 134 Ga. App. 694 (215 SE2d 724) (1975), which serves as the basis for *Hughes Motor Co. v. First Nat. Bank,* 136 Ga. App. 295 (220 SE2d 782) (1975). Furthermore, it does not appear that enforcement of the acceleration provisions in those cases led to results as manifestly unreasonable as would the one in this case.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 28, 1978 — DECIDED SEPTEMBER 5, 1978 — REHEARING DENIED OCTOBER 23, 1978.

*Jones, Cork, Miller & Benton, Thomas C. James, III,* for appellant.
*Thomas F. Jarriel,* for appellees.