## 34911. WORTHY v. PAULDING COUNTY HOSPITAL AUTHORITY.

NICHOLS, Chief Justice.

Worthy brought a citizen's action against the hospital authority alleging violations of the "Sunshine Law." Code Ann. § 40-3301 et seq. Part of the injunctive relief he sought was granted and part was denied. He appeals.

The single issue presented involves an application of the facts of this case to that portion of Code Ann. § 40-3301 (a) which provides: "Any action contesting a resolution, rule, regulation or formal action on the ground of noncompliance with this law must be commenced within 90 days of the date the resolution, rule or regulation was passed or the formal action was taken."

The hospital authority met on September 18, 1978, in an executive session that was closed to the public and resolved to authorize its administrator to submit to the state an application for an addition to its present nursing home facilities. This action was ratified by the authority during the public meeting held the same day, and the action was spread upon the minutes of the public meeting, which minutes are open to public inspection. Worthy attended the public meeting but was excluded from the executive session. Worthy was denied the opportunity to read the minutes of the executive session but not of the regular session. The minutes of the regular session refer to the authorization to make the application having been given during the executive session that was closed to the general public.

Although Worthy brings the present action in his capacity as a citizen, he is the president of the Worthy Foundation, a nonprofit corporation engaged in the nursing home business, which also has made an application to the state for the construction of a nursing home facility in Paulding County.

The hospital administrator did not actually make application in behalf of the hospital authority until September 27, 1978. Worthy filed the present action on December 22, 1978.

The trial court refused to enjoin the authority from

continuing with its application to the state for the nursing home addition. The court held that Worthy could not complain of this authority action because of the bar imposed by Code Ann. § 40-3301 (b), since the formal action occurred on September 18, 1978, and this suit was not filed until December 22, 1978. Worthy contends that Code Ann. § 40-3301 (a) should be construed so as to authorize suit within 90 days of the date on which the hospital administrator actually made the application that was authorized during the meetings held on September 18, 1978. He contends, in essence, that the authority's formal action was the filing of the application by the hospital administrator on September 27, 1978 This court disagrees and affirms.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 11, 1979 — DECIDED JUNE 20, 1979.

*Jeffrey B. Talley,* for appellant.
*W. Robert Lane,* for appellee.