## 61180. THORNE v. LEE TIMBER PRODUCTS, INC.

SHULMAN, Presiding Judge.

Plaintiff brought suit against defendant to enforce the damages provision of a timber contract. Declaring the contractual provision void as a penalty, the trial court granted defendant's motion for partial summary judgment. We affirm.

The contractual provision at issue reads as follows: "The Buyer [defendant] further agrees: a. To pay to the Seller [plaintiff] the amount of two dollars per inch average stump diameter for all trees unnecessarily cut or destroyed other than those marked or designated in Article 1a." It is plaintiff-appellant's contention that the damages provision falls under the ambit of Code Ann. § 20-1402. Defendant argues, on the other hand, that the provision was void as a penalty under Code Ann. § 20-1403. We agree with defendant's interpretation of the provision and, accordingly, affirm the trial court's judgment.

Code Ann. § 20-1402 states in defining liquidated damages that such "damages are given as compensation for the injury sustained. If the parties agree, in their contract, what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some principle of law, the parties are bound thereby." Liquidated damages, in other words, are a sum to be paid in lieu of performance. See note following Code Ann. § 20-1403.

Essential to an understanding of the nature of liquidated damages is an understanding of Code Ann. § 20-1403, which proscribes the denomination of damages as liquidated when such damages in reality constitute a penalty assessed for a breach of contract. Code Ann. § 20-1403 provides that "[p]enalties in bonds are not liquidated damages; and even if called such, yet, if it appears unreasonable and not so actually intended by the parties, the law will give only the actual damages, and in all cases where the damages is capable of computation, and is not uncertain in its character, such stipulations will be declared to be penalties."

The question, then, is whether the provision was inserted for purposes of deterring the defendant from breaching the contract, or for the purpose of compensating the plaintiff for the damages that would ensue in the event of a breach. "In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.' [Cits.]"

*Southeastern Land Fund v. Real Estate World,* 237 Ga. 227, 230 (227 SE2d 340).

In the instant case, defendant contends that, regardless of whether the $2 per inch figure in the disputed provision applied to merchantable as well as premerchantable trees (the provision stated its application to "all trees"), the formula presented in the provision was unreasonable in that it did not provide for an accurate estimate of the actual monetary damages that would result from a breach of that provision. Defendant argues that since the value of damages was capable of computation, the trial court properly determined that the damages provision was unenforceable.

That there is a method of computation by which to determine the value of cut or destroyed trees was uncontradicted. Indeed, plaintiff presented testimony as to the means by which an accurate accounting could be made of the value of both the premerchantable and merchantable trees cut or destroyed on her property. This evidence, introduced by the plaintiff, that the value of both premerchantable and merchantable timber is subject to calculation by a procedure or formula designed precisely for such valuation, constitutes, we think, an implicit admission that the procedure for calculating damages set forth in the contract did not, in reality, provide a true estimate of damages. The inference can thus be drawn that the provision was, in reality, a penalty.

" '(I)n cases of doubt the courts favor the construction which holds the stipulated sum to be a penalty, and limits the recovery to the amount of damage actually shown, rather than a liquidation of the damages.' [Cit.]" *Fortune Bridge Co. v. D.O.T.,* 242 Ga. 531, 532 (250 SE2d 401). We hold then, that in the case at bar the court was authorized to conclude that the sum stipulated ($2 per inch of diameter) was not reasonable and that it was not intended by the parties to constitute actual damages.

While the determination that the provision was unreasonable alone would warrant the finding that the damages provision was void as a penalty, we also agree with defendant's assertion that the injury caused by the breach was not difficult or impossible to accurately estimate.

Although the evidence presented by both parties indicates that accurate computation is a complex procedure, none of the testimony presented suggested that computation of the monetary value of the injury suffered was impossible. Moreover, the fact that the particular computation procedure may be complex is not indicative of a lack of accuracy; that is, there is no indication that the computation procedure is not trustworthy. It is important to distinguish damages which are difficult to accurately determine in monetary terms from

those damages which can be accurately established, albeit via a complicated procedure. Since the latter applies to the facts here, the conclusion that the damages provision was a penalty was proper.

We note that neither the trial court's grant of defendant's motion for partial summary judgment nor this court's affirmance of that judgment, preclude plaintiff's recovery against defendant for breach of contract. What remains to be determined (if plaintiff proves such a breach) are the actual damages resulting from that breach. The effect of the foregoing judgment, then, is to require plaintiff to prove those damages at trial.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 8, 1981.

*Joe D. Whitley,* for appellant.
*Milton Jones,* for appellee.