66946. TAYLOR v. COMMERCIAL CREDIT EQUIPMENT CORPORATION.

DEEN, Presiding Judge.

The defendant appeals a summary judgment for the plaintiff in an action to recover damages for the defendant's default in making payments required under a lease agreement pertaining to an irrigation system. At issue is whether the provisions of the lease purporting to specify the damages due on default are valid or whether they constitute an unenforceable penalty.

The lease calls for the defendant to pay a total of $97,554 in 10 annual installments of $9,755.40 each. He defaulted after making two payments, and the irrigation equipment was subsequently repossessed and sold for $13,000 at a sheriff's sale. Pursuant to the provisions of the lease setting forth the damages due on default, the plaintiff sued to recover not only the past due installments but also all future installments, without reduction to present value. *Held:*

"[W]hether a provision represents liquidated damages or a penalty does not depend upon the label the parties place on the payment but rather depends on the effect it was intended to have and whether it was reasonable. (Cit.) Where the parties do not undertake to estimate damages in advance of the breach and instead provide for both a forfeiture (penalty) plus actual damages, the amount, even though called liquidated damages, is instead an unenforceable penalty. (Cit.)" *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 228 (227 SE2d 340) (1976).

"In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: 'First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.' (Cit.)" *Id.* at 230. " '[I]n cases of doubt the courts favor the construction which holds the stipulated sum to be a penalty, and limits the recovery to the amount of damages actually shown, rather than a liquidation of the damages.' " *Id.* at 231, citing *Mayor &c. of Brunswick v. Aetna Indem. Co.*, 4 Ga. App. 722, 727 (62 SE 475) (1908). See also *Fortune Bridge Co. v. D.O.T.*, 242 Ga. 531, 532 (250 SE2d 401) (1978).

The lease provision at issue in the case before us authorizes the lessor to accelerate eight years' worth of rental payments totaling over $78,000 without reduction to present value. Such a recovery bears no

reasonable relationship to probable actual damages suffered as a result of the default and is manifestly oppressive, particularly in the event of a default early in the term of the lease. We accordingly hold that, in the context of this lease, the provision constitutes an unenforceable penalty. See *Jones v. Clark*, 147 Ga. App. 657 (2) (249 SE2d 619) (1978). Accord *Thorne v. Lee Timber Prods.*, 158 Ga. App. 226 (279 SE2d 521) (1981).

Contending that a lessor of personal property may always contract to recover the entire rental price of the property as liquidated damages in the event of default, the appellee relies upon *Military Armament Corp. v. ITT Terryphone Corp.*, 134 Ga. App. 694 (2) (215 SE2d 724) (1975), and other cases following it, including but not limited to *Ford Motor Credit Co. v. Dowdy*, 159 Ga. App. 666 (284 SE2d 679) (1981) and *Hughes Motor Co. v. First Nat. Bank of Atlanta*, 136 Ga. App. 295 (3) (220 SE2d 782) (1975). We do not read those cases, however, to support that contention or to establish such an inflexible rule. *Military Armament Corp.* merely held, without discussion, that such a provision was enforceable in the particular contract at issue, which was a 36-month lease pertaining to a tape recording system; it did not hold that any such acceleration provision is always valid, regardless of the duration of the lease or its other terms. *Hughes Motor Co.* and *Dowdy* followed *Military Armament Corp.*, and review of the records in both cases does not disclose any forfeiture which was unreasonable and constituted a penalty.

In *Hughes Motor Co.*, the plaintiff sought, after the defendant's default on a 5-year lease agreement for a telephonic communication system with rental payments originally totalling $23,985, the balance of $14,910.75. In *Dowdy*, two lease agreements for vehicles were involved. One lease for a van provided for a 36-month term and total rental payments (including an $800 down payment and a $175 security deposit) of $7,062.60; the default occurred 13 months after execution of the lease, and the plaintiff sued for $2,425.19. The other lease involved an automobile, also for a 36-month term, with total rental payments of $5,355.60 (including a $150 security deposit); the default occurred about 18 months after the lease was executed, and the plaintiff sued for $1,577.30. In short, enforcement of the liquidated damages provisions in the leases in *Hughes Motor Co.* and *Dowdy* was acceptable because substantial portions of the lease terms had passed and the range of damages was 25 to 50 percent of the total amounts due. Those cases thus differ significantly from the instant case, where the default occurred in the second year of a 10-year term and liquidated damages of almost 60 percent of the original total lease payments were sought.

*Judgment reversed. McMurray, C. J., Quillian, P. J., Birdsong and Sognier, JJ., concur. Shulman, P. J., Banke, Carley and Pope,*

*JJ., concur specially.*

Decided February 27, 1984 —
Rehearing denied March 16, 1984 —

*William J. Neville, William J. Neville, Jr.,* for appellant.
*Gerald M. Edenfield, Charles H. Brown,* for appellee.

Banke, Judge, concurring specially.

I concur fully in the majority's ruling that the acceleration provision at issue in this case must be considered an unenforceable penalty due to the fact that it purports to authorize the recovery of eight years' worth of future rental payments, totalling almost $80,000 without reduction to present value. However, I do not believe it is possible to reach this result without overruling *Hughes Motor Co. v. First Nat. Bank of Atlanta,* 136 Ga. App. 295 (3) (220 SE2d 782) (1975), and *Ford Motor Credit Co. v. Dowdy,* 159 Ga. App. 666 (284 SE2d 679) (1981). In both those cases, this court rejected the same argument advanced by the appellant in the present case, based on the stated assumption that a lease provision authorizing the acceleration of unearned rental payments must always be considered enforceable. I do not believe it is appropriate for us to attempt to disavow the language which we used in those cases by reciting facts which are not included in the opinions but are derived from re-examination of the case records. Surely, it is unreasonable to expect the bench and bar to secure the record in each case we decide in order to determine whether we meant what we said.

I am authorized to state that Presiding Judge Shulman, Judge Carley and Judge Pope join in this special concurrence.