## 75763. SUTTON v. SULLIVAN & CARDEN et al.
(364 SE2d 887)

Deen, Presiding Judge.

In August 1978 appellant entered into an agreement to sell his Sumter County-based public accounting practice to appellee Sullivan and Carden, an accounting firm based in neighboring Dougherty County. The purchase price was to be paid in installments over a period of approximately five years, with payments other than the initial down payment based on a percentage of the firm's annual revenues. Appellant was required to cease the practice of public accounting in the area for a designated period of time (with certain exceptions noted in the agreement), and to furnish purchasers with a list of clients and a record of revenues from each; to notify all clients that the practice had changed hands; and to urge all clients to use the successor firm for their accounting needs. There was a provision in the agreement that Sutton was to pay liquidated damages of $1,000 for each instance of breach of his agreements to refrain from doing public accounting in the area for the agreed-upon period of time, and was to perform services for former clients only as provided in the agreement. In return, Sullivan and Carden was to exercise its "best efforts" to maximize revenue from the practice, which was to become the Americus branch of the firm. In the event of Sullivan and Carden's default on this provision of the agreement, Sutton was to have alternative remedies: (1) the right to terminate the agreement, and (2) the right to bring suit against the purchasers to recover liquidated damages of $25,000.

During the five years after sale of the practice, income from the Americus office fell far below that which had been earned during the approximately five years immediately preceding the sale. The office was allegedly inadequately staffed, and there were allegations of reports of client dissatisfaction with the new owners of the firm. Ultimately, when the income generated by the office — and the basis upon which Sutton's annual payments were calculated — continued to lag far behind that of former years, Sutton elected to bring suit

against Sullivan and Carden, seeking $25,000 in liquidated damages for breach of the agreement to exert "best efforts."

Appellees answered, denying the allegations of the complaint and counter-claiming for damages in excess of $10,000 for alleged breaches by Sutton. The appellees then moved for summary judgment or, in the alternative, for partial summary judgment striking the liquidated damages provision. Both sides filed affidavits and other documents supporting opposing positions on the motion. The Superior Court of Dougherty County granted the motion for partial summary judgment, holding that the $25,000 in liquidated damages was really a penalty and therefore unenforceable. Sutton has appealed to this court, enumerating as error the trial court's award of partial summary judgment relative to the liquidated damages clause. *Held*:

1. There appears to be a genuine issue of material fact regarding how the $25,000 figure was arrived at. Appellees contend by affidavit that the figure was taken "out of the air" and placed in the agreement by Sutton's attorney, with no prior discussion between the parties. On the other hand, Sutton contends in his affidavit that the figure was thoroughly discussed beforehand and, moreover, that it bears a reasonable relationship both to the former (pre-sale) income from the practice and to the amount of annual income needed to generate the annual percentages agreed upon as part of the purchase price. He points out that there was also a liquidated damages clause which would operate against *him* in case of his default or breach of the covenant not to compete. Summary judgment is inappropriate unless "there is no genuine issue as to any material fact." OCGA § 9-11-56 (c).

2. Determination of whether a so-called "liquidated damages" clause in a contract actually represents a penalty rather than damages requires a tripartite inquiry: "[F]irst, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss." Calamari & Perillo, The Law of Contracts, 367 (1970). Appellees here contend that the clause at issue fails on the first of the three prongs of the tripartite inquiry because appellant himself demonstrates, on the basis of income from the accounting practice during a period of approximately five years prior to the sale, that the agreed-upon percentage can be accurately estimated and would come to something in excess of $24,800. Appellant contends, however, that what the estimate shows is that the prescribed $25,000 bears a reasonable relationship to the "probable loss" ($24,800), as required by the third prong of the inquiry.

Analysis of appellees' argument indicates that, in net effect, they are contending that compliance with the third requirement necessa-

rily amounts to non-compliance with the first. We find this position logically and legally untenable. In *Thorne v. Lee Timber Prods.*, 158 Ga. App. 226 (279 SE2d 521) (1981), on which appellees rely, there was a standardized formula available for estimating accurately the number and kinds of trees cut in violation of the contractual provisions; here, no such formula is available. Moreover, there are a number of variables present in the instant case which did not exist in *Thorne*. Further, in undertaking to estimate what amount of business might or might not have been performed for former clients by the new owners, appellant would be put to the all but impossible task of attempting to "prove" a negative. We hold that both the first and third prongs of the tripartite inquiry are satisfied. As for the second prong, the parties' intent is at issue, thereby pointing up the unsuitability of summary judgment.

It appears to us that the instant case presents precisely the sort of fact situation for which a liquidated damages provision is appropriate. Thus we find no persuasive authority for appellees' position either in *Thorne*, supra, or in *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227 (227 SE2d 340) (1976), on which appellees also rely. In the contract at issue in *Southeastern* there is a second provision dealing with liquidated damages which modifies, and must be read in conjunction with, the initial "liquidated damages" clause, thereby injecting into the contract an ambiguity which prompted the Supreme Court to apply the principle that " 'in cases of doubt the courts [should] favor the construction which holds the stipulated sum to be a penalty.' " Id. at 231. There is no such ambiguity present in the instant case, and therefore this principle does not apply.

Appellees, however, further point to a supposed diminution of damages in the latter years of the contract as rendering the contested clause unreasonable. On the surface, appellees' hypothetical example of a breach in which appellants would be able to collect $25,000 in liquidated damages, instead of $20 in actual damages, is plausible; but on closer scrutiny it fails to persuade. As a practical matter, it would be infeasible if not impossible for appellant to exercise his alternative remedy of terminating the agreement after the practice had been operated by appellees for a year or more. For this reason, too, the provision for liquidated damages seems reasonable and appropriate.

We hold that as a matter of law the trial court erred in granting summary judgment on the liquidated damages/penalty issue, and we remand the case for proceedings consistent with this holding.

*Judgment reversed and case remanded. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1988 —
REHEARING DENIED JANUARY 19, 1988 —

*William J. Murray*, for appellant.
*Hilliard P. Burt, C. Nathan Davis, Terry J. Marlowe*, for appellees.