## 77071. CITIZENS & SOUTHERN NATIONAL BANK v. THOMAS.
### (372 SE2d 687)

CARLEY, Judge.

Appellee-defendant entered into a "motor vehicle lease" agreement. The agreement and the vehicle were subsequently sold, assigned and transferred to appellant-plaintiff. Appellee made only the initial monthly payment required by the agreement and appellant repossessed the vehicle. The vehicle was sold at auction and appellant credited the proceeds to appellee's account.

Appellant then filed this action, seeking to recover for appellee's breach of the agreement. The case was tried before a jury and, at the close of appellant's evidence, appellee moved for a directed verdict. Appellee predicated his motion upon appellant's failure to comply with the notice provisions of OCGA §§ 10-1-36 and 11-9-504 (3) and upon appellant's failure to prove that the sale of the vehicle had been conducted in a commercially reasonable manner as required by OCGA § 11-9-504 (3). The trial court granted appellee's motion for a directed verdict and appellant appeals.

Appellant enumerates the trial court's direction of a verdict for appellee as erroneous, urging that the asserted grounds of the motion had no merit.

The relevant provisions of the agreement signed by appellee are substantially identical to those which were contained in the "motor vehicle lease" agreement at issue in *Mejia v. C & S Bank*, 175 Ga. App. 80 (332 SE2d 170) (1985). The agreement in *Mejia*, supra at 82, was held to be a "true lease" and, therefore, the provisions of the Uniform Commercial Code would be inapplicable. Since the "motor vehicle lease" agreement in the present case likewise evidences a "true lease," rather than a disguised secured transaction, the trial court erred in directing a verdict for appellee based upon appellant's failure to comply with the inapplicable provisions of the Uniform Commercial Code.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Bruce A. Reynolds*, for appellant.
*Jennifer McLeod*, for appellee.