77810, 77811. ADAMS v. D & D LEASING COMPANY OF
GEORGIA, INC.; and vice versa.
(381 SE2d 94)

CARLEY, Chief Judge.

Linnie Adams leased a vehicle from D & D Leasing Company of Georgia, Inc. (D & D). Subsequently, Ms. Adams defaulted on the monthly rental payments. After selling the vehicle at a private sale, D & D filed suit, seeking to recover under the liquidated damages provision of the "vehicle lease" agreement. Ms. Adams answered and asserted, among her other defenses, that D & D had failed to comply with the requirements of the Uniform Commercial Code regarding the giving of notification to her prior to the sale and the disposal of the automobile in a commercially reasonable manner. See OCGA §§ 10-1-36 and 11-9-540 (3).

Following discovery, D & D moved for summary judgment, urging that the provisions of the Uniform Commercial Code were inapplicable. Ms. Adams filed a cross-motion for partial summary judgment, urging that the liquidated damages provision of the "vehicle lease" agreement was an unenforceable penalty. The trial court granted both motions for summary judgment and, in accordance with those rulings, entered summary judgment in favor of D & D for $9,168.71 as actual damages for the breach of the lease. In Case No. 77810, Ms. Adams appeals from the trial court's grant of D & D's motion for summary judgment. In Case No. 77811, D & D cross-appeals from the trial court's grant of Ms. Adams' motion for partial summary judgment.

*Case No. 77811*

1. D & D's cross-appeal from the grant of Ms. Adams' motion for partial summary judgment will be addressed first.

It is D & D's contention that the trial court erroneously con-

strued the following liquidated damages provisions to be an unenforceable penalty: "In the event of a default[,] this Lease shall terminate [and] all rights and privileges pertaining to the use of the Vehicle afforded under the provisions of the Lease shall cease to exist with respect to Lessee, and Lessor may take any or all of the following actions, to the extent permitted under applicable laws: (a) seek immediate payment by Lessee (as liquidated damages for loss of a bargain and not as a penalty) of an amount equal to all unpaid rental payments which absent a default would have been payable hereunder for the full Lease Term hereof and, in addition, the Residual Value of the Vehicle. . . ."

" 'In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: "First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss." [Cits.]' [Cit.]" *Gibson v. Sheriff*, 155 Ga. App. 578 (271 SE2d 710) (1980). " '[I]n cases of doubt the courts favor the construction which holds the stipulated sum to be a penalty, and limits the recovery to the amount of damages actually shown, rather than a liquidation of the damages.' [Cit.]" *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 231 (227 SE2d 340) (1976).

A determination of the enforceability of the instant liquidated damages provision requires consideration of several prior decisions of this court. In *Military Armament Corp. v. ITT Terryphone Corp.*, 134 Ga. App. 694, 695 (2) (215 SE2d 724)(1975), a liquidated damages provision not unlike that at issue in the present case was held to be enforceable. This holding was subsequently followed in *Hughes Motor Co. v. First Nat. Bank of Atlanta*, 136 Ga. App. 295, 296 (3) (220 SE2d 782) (1975) and in *Ford Motor Credit Co. v. Dowdy*, 159 Ga. App. 666 (284 SE2d 679) (1981). However, a similar liquidated damages provision was then held to be unenforceable in *Taylor v. Commercial Credit &c. Corp.*, 170 Ga. App. 322 (316 SE2d 788) (1984). The previous decisions were not overruled, but were distinguished on the basis that "substantial portions of the lease terms had passed and the range of damages was 25 to 50 percent of the total amounts due. Those cases thus differ significantly from the instant case, where the default occurred in the second year of a 10-year term and liquidated damages of almost 60 percent of the original total lease payments were sought." *Taylor v. Commercial Credit &c. Corp.*, supra at 323. In a special concurrence in *Taylor*, Judge Banke and three other judges agreed with the majority that the liquidated damages provision was unenforceable, but urged that the prior decisions were not distinguishable and should be overruled. The decision in *Taylor*, supra, was

subsequently followed and applied in *Blair v. Motorized Leasing*, 173 Ga. App. 283 (3) (325) SE2d 896) (1985).

Upon further consideration, it would appear that the attempt in *Taylor*, supra, to distinguish this court's previous decisions is unavailing. The enforceability of a liquidated damages provision is not dependent upon the time at which the underlying contract is breached. As is true with regard to the determination of the enforceability of any other contractual provision, a liquidated damages provision is or is not enforceable based upon the intent that was manifested at the time that the provision was originally proposed and agreed to. By its terms, a liquidated damages provision such as is here in issue is intended to apply *regardless* of when the breach occurs and courts should confine themselves to a determination of whether *that* intent is or is not enforceable. If a liquidated damages provision is unenforceable under the tripartite test at the time of original entry into the underlying contract, it does not become enforceable as the result of the passage of an arbitrary period of time. Likewise, if a liquidated damages provision is enforceable under the tripartite test at the time of original entry into the underlying contract, it is not thereafter rendered unenforceable by the passage of an arbitrary period of time. Accordingly, insofar as *Taylor*, supra, purports to add, as a fourth element to the tripartite test for determining the enforceability of a liquidated damages provision, the time of the breach of the underlying contract, it is hereby overruled. To the extent that it follows *Taylor*, the decision in *Blair v. Motorized Leasing,* supra, is likewise overruled.

Having held that the decisions in *Military Armament Corp.*, supra, *Hughes Motor Co.*, supra, and *Ford Motor Credit Co.*, supra, cannot be distinguished, the issue becomes whether those decisions will continue to be followed. As previously noted, the recognized tripartite test includes, as its third element, the requirement that " ' "the sum stipulated must be a *reasonable pre-estimate* of the probable loss." [Cits.]' [Cit.]" (Emphasis supplied.) *Gibson v. Sheriff*, supra at 578. " '[T]he measure of damages for the lessee's breach of contract is the *cash value of the contract* less any saving which may accrue from the breach.' [Cit.]" (Emphasis supplied.) *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 715 (2) (165 SE2d 581) (1968). It follows that, to the extent that a liquidated damages provision in a lease of personalty provides for the acceleration of the remaining rental payments *without a reduction to present value*, it cannot be said to constitute a reasonable pre-estimate of the probable loss. "[I]t is manifestly unreasonable and oppressive to allow a [lessor] to collect in advance [all] rental payments at their full future value. . . . Needless to say, such a result would provide the [lessor] with a recovery bearing no reasonable relation to his probable actual damages." *Jones*

124

*v. Clark*, 147 Ga. App. 657, 659 (2) (249 SE2d 619) (1978). Accordingly, to the extent that *Military Armament Corp.*, supra, *Hughes Motor Co.*, supra, and *Ford Motor Credit Corp.*, supra, uphold the enforceability of a liquidated damages provision such as that at issue in the present case, they are erroneous and are hereby overruled.

It follows that the trial court did not err in construing the instant liquidated damages provision to be an unenforceable penalty and that it correctly granted partial summary judgment in favor of Ms. Adams as to this issue.

2. The trial court, having found that the liquidated damages provision was unenforceable, further found that D & D had suffered $9,168.71 in actual damages and entered summary judgment in favor of D & D for that amount. D & D enumerates as error the trial court's calculation of the amount of actual damages.

Having reviewed the record, we find no evidence which would authorize an award to D & D in the amount of $9,168.71. As previously noted, the proper measure of damages for the breach of a lease of personal property is the cash value of the contract less any saving which may accrue from the breach. See *Bennett v. Assoc. Food Stores*, supra. Applying this measure of damages to the evidence of record, a genuine issue of material fact remains as to the amount of recoverable actual damages that D & D suffered as the result of Ms. Adams' breach of the lease. Accordingly, the trial court erred in granting summary judgment in favor of D & D as to the issue of its actual damages.

3. The trial court's grant of partial summary judgment in favor of Ms. Adams as to the unenforceability of the liquidated damages provision is affirmed. The trial court's grant of summary judgment in favor of D & D as to the amount of the recoverable actual damages is reversed.

*Case No. 77810*

4. Ms. Adams enumerates as error the trial court's grant of D & D's motion for summary judgment as to liability, urging that a genuine issue of material fact remains as to whether the agreement evidences a disguised secured transaction rather than a true lease.

"The relevant provisions of the agreement signed by [Ms. Adams] are substantially identical to those which were contained in the [vehicle lease] agreement at issue in *Mejia v. C & S Bank*, 175 Ga. App. 80 (332 SE2d 170) (1985). The agreement in *Mejia*, supra at 82, was held to be a 'true lease' and, therefore, the provisions of the Uniform Commercial Code would be inapplicable. "Since the [vehicle lease] agreement in the present case likewise evidences a 'true lease,' rather than a disguised secured transaction," the trial court correctly

granted appellee's motion for summary judgment. *Citizens & Southern Nat. Bank v. Thomas*, 188 Ga. App. 312 (372 SE2d 687) (1988). See also *Woods v. Gen. Elec. &c. Lease*, 187 Ga. App. 57 (2) (369 SE2d 334) (1988).

5. Ms. Adams enumerates as error the amount awarded by the trial court to D & D as attorney's fees.

It appears that the trial court did apply an erroneous formula in calculating the amount of attorney's fees. "The trial court's computation of attorney fees was based upon a flat rate of 15 per cent. Under [OCGA § 13-1-11 (a) (2)] this was erroneous." *Lakeview Memory Gardens v. Nat. Bank &c. Co. of Columbus*, 155 Ga. App. 478, 481 (4) (271 SE2d 219) (1980). See also *Woods v. Gen. Elec. &c. Lease*, supra at 60 (2). Moreover, for the reason discussed in Division 2, employment of $9,168.71 as the base figure from which to calculate the amount of attorney's fees was also erroneous. It follows that the trial court's grant of summary judgment in favor of D & D as to the amount of recoverable attorney's fees must be reversed.

6. The trial court's grant of summary judgment in favor D & D as to the issue of liability is affirmed. The trial court's grant of summary judgment in favor of D & D as to the amount of attorney's fees is reversed.

*Judgment affirmed in part and reversed in part in Case No. 77810. Judgment affirmed in part and reversed in part in Case No. 77811. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. Beasley, J., concurs in judgment only.*

DECIDED MARCH 14, 1989 —
REHEARING DENIED MARCH 29, 1989 —

*Ralph S. Goldberg*, for appellant.
*Fredric Chaiken, Robert J. Kaufman*, for appellee.