**In the Matter of NATIONAL TRAVEL-ER, INC., a Georgia Corporation d/b/a National Traveler and d/b/a National Traveler South, Debtor.**

**NATIONAL TRAVELER, INC., Movant,**

**v.**

**PACCOM LEASING CORPORATION, Ford Motor Credit Company, William L. Ulm, AT & T Credit Corp., ADP Dealer Services, Leased Vehicles Company, Inc., Trust Company of Georgia, Speedway Corporation, and All Dealers with Claims for Warranty Reimbursement, Respondents.**

**Bankruptcy No. 89–30645.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Feb. 2, 1990.

Peter S. Wynkoop, Lee & Lynch, Atlanta, Ga., for National Traveler, Inc.

John S. Noell, Jr., Cook, Noell, Tolley & Aldridge, Athens, Ga., for Speedway Waste Disposal, Inc.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

National Traveler, Inc., Debtor, Movant, filed a petition under Chapter 11 of the Bankruptcy Code on October 18, 1989. Movant filed a "Motion to Reject Executory Contracts and Unexpired Leases" on December 6, 1989. The motion named a number of entities as Respondents. The only entity, however, that responded to the motion was Speedway Waste Disposal, Inc. (Speedway). Its response was filed on January 16, 1990. Speedway asks the Court to grant it relief from the automatic stay of the Bankruptcy Code so that it can pick up certain collateral which it had leased to Movant. The Court conducted a hearing on the motion and Speedway's response on January 25, 1990. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Speedway and Movant entered into a "Lease Agreement Contract" (the "contract") dated March 24, 1987. The contract provides as follows:

> Rental for reconditioned compactor at $296.25 per month for thirty-six months. During the three year period all maintenance including parts & labor will be included. Guarantee to keep compactor in excellent working condition. At end of the 36 months compactor & container will be owned by National Travler [sic]

Under the contract, Speedway provided Movant with a reconditioned compactor with several component parts. Movant was to make monthly payments of $296.25 for a period of three years. At the end of the three years, Movant, without any additional payments, would own the compactor. Speedway introduced into evidence certain business records to demonstrate that Speedway considered the monthly payments to be rent. In the Court's view, the contract is clear on its face and is therefore controlling.

■ The question before the Court is whether the contract is a lease as urged by Speedway or is a conditional sales contract as urged by Movant.

The legislative history to section 365 of the Bankruptcy Code states that whether a lease constitutes a security agreement should be determined by state law. *In re Steele*, Ch. 13 Case No. 82–50024 (Bankr.M.D.Ga. July 21, 1982) (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5973, 6320). *See In re Francis*, 42 B.R. 763, 765 (Bankr.E.D.Mo.1984); *Trax, Inc. v. Wood (In re Wood)*, 7 B.R. 543, 544 (Bankr.N.D.Ga.1980).

A security interest in personal property is subject to Georgia's version of the Uniform Commercial Code. Section 11–1–201(37) of the Official Code of Georgia Annotated[1] provides in relevant part:

> (37) "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (Code Section 11–2–401) is limited in effect to a reservation of a "security interest." ... Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) *an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.*

O.C.G.A. § 11–1–201(37) (1989) (emphasis added).

■ Speedway contends that it considered the monthly payments to be rent. The fact that the contract is termed a "Lease Agreement Contract" and the parties are called lessee and lessor, however, is not binding on the Court. *Bill Swad Leasing Co. v. Stikes (In re Tillery)*, 571 F.2d 1361, 1364–65 (5th Cir.1978); *Mejia v. Citizens & Southern Bank*, 175 Ga.App. 80, 81, 332 S.E.2d 170, 172 (1985); *Ford Motor Credit Co. v. Dowdy*, 159 Ga.App.

1. O.C.G.A. § 11–2–201(37) (1989).

666, 667, 284 S.E.2d 679, 680 (1981), *overruled on other grounds,* 191 Ga.App. 121, 381 S.E.2d 94, 96 (1989), *cert. denied.*

■ Georgia law does not require "magic words" to create a valid security interest. Rather, the court must refer to the general law of contracts and determine whether the parties intended to create a security agreement. *United States v. Hollie (In re Hollie),* 42 B.R. 111, 117 (Bankr. M.D.Ga.1984).

■ The determining factor is the intention of the parties at the time the agreement was entered into as construed in light of facts and circumstances as they existed at that time. *Citizens & Southern Equipment Leasing, Inc. v. Atlanta Federal Savings & Loan Assoc.,* 144 Ga.App. 800, 805, 243 S.E.2d 243, 247 (1978). A document is construed according to the intent of the parties as ascertained from factors that distinguish true leases from security agreements. *Leasing Service Corp. v. River City Construction, Inc.,* 743 F.2d 871, 878 (11th Cir.1984).

The best test for determining the intent of an agreement which provides for an option to buy is a comparison of the option price with the market value of the equipment at the time the option is to be exercised. Such a comparison shows whether the lessee is paying actual value or acquiring the property at a substantially lower price. *Mejia v. Citizens & Southern Bank,* 175 Ga.App. at 82, 332 S.E.2d at 172; *Ford Motor Credit Co. v. Dowdy,* 159 Ga. App. at 667, 284 S.E.2d at 680.

If the lessee has the option to become the owner of the property for no additional or for a nominal consideration, the lease is deemed to be intended for security. Any determination of whether consideration is nominal must be made on a case-by-case basis. *Mejia v. Citizens & Southern Bank,* 175 Ga.App. at 82, 332 S.E.2d at 172.

The contract plainly shows that Debtor and Movant intended that Debtor would own the compactor at the end of the contract term. Debtor would not be required to pay any additional consideration. The Court is persuaded that the contract was intended to be a security agreement and not a true lease.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the request for relief from the automatic stay filed by Speedway Waste Disposal, Inc. on January 16, 1990, hereby is denied; and it is further

ORDERED that the Motion to Reject Executory Contracts and Unexpired Leases filed by National Traveler, Inc. on December 6, 1989, to the extent it seeks to reject the lease of Speedway Waste Disposal, Inc., hereby is moot; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.