A94A0807. GUTHRIE v. DALTON CITY SCHOOL DISTRICT et al.
(446 SE2d 526)

McMURRAY, Presiding Judge.

Plaintiff Guthrie filed this contract and fraud action against defendants Dalton City School District and Dalton City Board of Education. Additional individual defendants who were named in both their individual and official capacity are Thomason, Superintendent of Schools of the Dalton City School District, Maret, Chairperson of the Dalton City Board of Education, and Allred, an attorney who represented the Dalton City Board of Education during the underlying events.

In the spring of 1993, plaintiff was a school teacher with the Dalton city school system, who was little more than one year away from

retirement. His employment for the 1993-94 school year which would have been the final year was renewed pursuant to OCGA § 20-2-940, et seq., since the Dalton City Board of Education did not notify him of its intent not to renew his contract. However, complaints accusing plaintiff of unprofessional conduct had been made to the Georgia Professional Practices Commission. These circumstances resulted in the execution on May 27, 1993, of a settlement agreement between the Dalton City Board of Education and plaintiff. This contract was signed by defendant Maret with the approval of the Dalton City Board of Education, albeit that approval was given outside a duly-called meeting open to the public and at no time has the Dalton City Board of Education taken action at a duly-called meeting open to the public authorizing the execution of the settlement agreement.

Under the settlement agreement, plaintiff agreed to voluntarily surrender his teaching certificate to the Professional Standards Commission of Georgia and to waive a panoply of rights. After receiving a facsimile copy of the settlement agreement signed by Maret, counsel for plaintiff transmitted plaintiff's irrevocable surrender of his educational certificates to the Georgia Professional Practices Commission and Professional Standards Commission on May 27, 1993. None of the defendants have any authority or power to restore plaintiff's educational certificate which is a prerequisite to eligibility to employment as a teacher in the public schools of Georgia. On May 28, 1993, plaintiff resigned his teaching position with the Dalton City Board of Education.

Under the settlement agreement, the Dalton City Board of Education agreed to employ plaintiff for the 1993-94 school year in a non-certified position if he did not find employment elsewhere by June 21, 1993. Pursuant to this provision, plaintiff requested employment in a non-teaching position for the 1993-94 school year. At the June 25, 1993, meeting of the Dalton City Board of Education, after meeting in executive session, the Board reconvened in regular session and distributed a statement which provides in part: "Before our last Board meeting on June 14, 1993, the members of the Board had agreed with Mr. Guthrie's request for re-employment. The Board did so without having reviewed the full report of the Professional Practices Commission (PPC) investigation into complaints against Mr. Guthrie. We did not know the specific nature of the allegations and did not realize their extent. At the June 14, 1993 Board meeting, we were asked to review the PPC report and we have done so. The Board had not reviewed the full PPC Report because the Board could have been required to sit as a hearing tribunal to determine the truth or falsity of the allegations.

"Based upon our review of the allegations in the complete PPC report and upon advice of Counsel, we now believe that the question

of Mr. Guthrie's employment should be submitted to a vote. Regarding our initial agreement to re-employ Mr. Guthrie, we have been advised that a 1992 amendment to the Open Meetings Law requires that we vote on the question of re-employment in a Public Meeting. Since that has not been done, we realize the need for the meeting today to vote on this question and to enter the result on the official minutes. . . ."

Action on plaintiff's employment request was deferred and a decision made to schedule a hearing on the allegations against plaintiff contained in the Georgia Professional Practices Commission report. No such hearing was held as the Professional Standards Commission entered an order, based in part on plaintiff's May 27, 1993 letter of surrender, which revoked the teaching certificate of plaintiff.

On August 31, 1993, plaintiff's complaint was filed. As amended, the complaint sought damages for breach of contract, impairment of the obligations of plaintiff's employment contract, fraud, and attorney fees. Plaintiff also requested certain injunctive relief.

The defendants, other than attorney Allred, moved for a partial summary judgment and plaintiff moved for a partial summary judgment. These opposing motions addressed the issue of the validity and enforceability of the settlement agreement. The movant defendants maintained that the settlement agreement was not binding because entered in violation of the Open Meetings or Sunshine Law, OCGA § 50-14-1 et seq. Plaintiff argued that defendants could not rely on that statute since the 90-day period within which any "formal action" must be contested had passed with no challenge having been commenced. See OCGA § 50-14-1 (b). The movant defendants responded that the events which transpired at the June 25, 1993 meeting of the Dalton City Board of Education were sufficient to provide plaintiff with notice within the 90-day period that the Board would not fulfill the provisions of the settlement agreement. The superior court granted the motion for partial summary judgment of the movant defendants and denied plaintiff's motion for partial summary judgment. The superior court's order states alternative foundations for its decision, both based on OCGA § 50-14-1 (b). First, the superior court refers to that portion of this statute which provides that any official action taken at a meeting not open to the public "shall not be binding." Secondly, the superior court adopts the position argued by movant defendants that the June 25, 1993 meeting provided ample notice to plaintiff of the Board's intent to repudiate the settlement agreement. *Held*:

The second sentence of OCGA § 50-14-1 (b) states: "Any resolution, rule, regulation, ordinance, or other official action of an agency adopted, taken, or made at a meeting which is not open to the public as required by this chapter *shall not be binding*." (Emphasis sup-

plied.) The next sentence in OCGA § 50-14-1 (b) sets forth a 90-day period within which action must be commenced to challenge any formal action of an agency based on a violation of the Open Meetings Law. Whenever possible we must construe statutory language in a manner that will not render it meaningless or surplusage. *Knight v. Ga. Farm Bureau Mut. Ins. Co.*, 184 Ga. App. 312 (1), 313 (361 SE2d 190). In order for the sentence containing the 90-day period to have any effect, the sentence we have quoted must be read as being limited by the subsequent sentence. Thus, if we assume that the Board's approval and Maret's signing of the settlement agreement constituted formal action in violation of the Open Meetings Law, the question becomes whether "[a]ny action contesting" the alleged violation, "commenced within 90 days of the date such contested action was taken. . . ." *Walker v. City of Warner Robins*, 262 Ga. 551 (422 SE2d 555); *Worthy v. Paulding County Hosp. Auth.*, 243 Ga. 851 (257 SE2d 271).

In determining what is an "action contesting" an alleged violation of the Open Meetings Law we note that jurisdiction to enforce compliance with the provisions of this statute is vested in the superior courts. OCGA § 50-14-5. Does this infer that an "action contesting" an alleged violation of the Open Meetings Law is a case filed in the superior court seeking legal or equitable relief? We need not reach this issue in the case sub judice, since it is clear from the decision in *Walker v. City of Warner Robins*, 262 Ga. 551, 552 (3), supra, that an "action contesting" an alleged violation of the Open Meetings Law must at least involve an allegation of a violation of the statute. The events which transpired at the June 25, 1993 meeting of the Dalton City Board of Education did not include any assertion that an alleged violation of the Open Meetings Law had occurred. While the Board's statement released at the meeting suggested that further action was appropriate in order to comply with the law, this did not amount to a conclusion that any violation had already taken place. Nor was there any other assertion of an alleged violation of the Open Meetings Law made within the 90 days allowed by OCGA § 50-14-1 (b). Therefore, the superior court erred in granting the movant defendants' motion for partial summary judgment.

The superior court also erred in denying plaintiff's motion for partial summary judgment on the issue of the existence and enforceability of the settlement agreement. The Dalton City Board of Education, being vested with broad discretion in governing the school system, did not lack authority to enter into the settlement agreement. The suggestion that OCGA § 20-2-211 supports a contrary conclusion is without merit. There was an offer, acceptance, and consideration between plaintiff and the Dalton City Board of Education resulting in a binding contract.

However, there are questions raised concerning the legality of a provision of the settlement agreement requiring the Dalton City Board of Education to expunge certain records. We decline to decide this issue in the first instance, but return the case for determination of this issue by the superior court. In any event, the questionable provision is clearly severable if found to be illegal, and defendants may not object if plaintiff waives any resulting failure of consideration. See *Jones v. Clark*, 147 Ga. App. 657 (1), 658 (249 SE2d 619).

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED JULY 1, 1994 —
RECONSIDERATION DENIED JULY 13, 1994.

*John R. Myer, Kirwan, Goger, Chesin & Parks, Matthew C. Billips*, for appellant.

*Minor, Bell & Neal, John P. Neal III, Robert G. McCurry, Mitchell, Coppedge, Wester, Bisson & Miller, James H. Bisson III, Erwin Mitchell, Freeman & Hawkins, H. Lane Young II*, for appellees.