[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10638
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00649-TCB


LATINO ENTERPRISES, INC.,
d.b.a. La Chiquita Tortilla Manufacturer,

Plaintiff-Counter Defendant-Appellee,

versus

THE TACO MAKER, INC.,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

The Taco Maker, Inc. ("Taco Maker") appeals the district court's grant of judgment on the pleadings to Latino Enterprises, Inc. ("Latino Enterprises"). Taco Maker and Latino Enterprises entered into a contract whereby Latino Enterprises would provide tortillas for Taco Maker. In the agreement, the parties included a "Resolution Fee." The provision regarding the resolution fee stated that if "Taco Maker has not ordered and accepted delivery of at least $2.5 million worth of Products during the course of this agreement, Taco Maker will pay [Latino Enterprises] a 'Resolution Fee.' Such Resolution Fee shall equal 5% of the difference between $2.5 million and the value of the Products ordered and accepted by Taco Maker during the course of this agreement." If owed, Taco Maker was required to pay the Resolution Fee within 30 days of the expiration of the contract. Throughout the contract, Taco Maker ordered and accepted delivery of $2,088 worth of tortilla shells. At the conclusion of the contract, the Resolution Fee, in accordance with the contract, was $124,895.60. Taco Maker did not pay the Resolution Fee within 30 days.

Latino Enterprises brought suit in the Northern District of Georgia to recover the Resolution Fee, along with interest and attorney fees, in accordance with the contract. Taco Maker admitted the underlying facts in the complaint, but raised a defense that the Resolution Fee was a liquidated damages provision and

2

unenforceable under Georgia law. Taco Maker further argued that Latino Enterprises was not entitled to either attorney's fees or interest.

The district court concluded that the relevant facts were not in dispute and that Latino Enterprises was entitled to judgment on the pleadings. Specifically, the court concluded that the Resolution Fee was not a liquidated damages provision because it did not address an underlying breach of contract. Rather, the breach Latino Enterprises sought to have redressed was Taco Maker's failure to pay the fee itself. The district court further awarded prejudgment interest and attorney's fees to Latino Enterprises based on the contract. Taco Maker appealed.

Taco Maker raises two issues on appeal: 1) that the Resolution Fee is a liquidated damages provision and the district court erred by not conducting the tripartite inquiry as to its enforceability under Georgia law; and 2) that the district court erred in awarding prejudgment interest and attorney's fees to Latino Enterprises. For the reasons stated below, we reject both of these arguments. We will address each argument in turn.

We review a district court's order granting judgment on the pleadings *de novo*. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Id. (internal quotation

3

omitted). We accept as true all facts in the non-moving party's pleading, and view all facts in the light most favorable to the non-moving party. See id.

Liquidated damages are where "the parties agree, in their contract, what the damages for a breach shall be." Thorne v. Lee Timber Prods., Inc., 279 S.E.2d 521, 522 (Ga. Ct. App. 1981). Under Georgia law, parties may contract for liquidated damages; however, the amount must not be a penalty and must satisfy a three part test: "[t]he injury must be difficult to estimate accurately, the parties must intend to provide damages instead of a penalty, and the sum must be a reasonable estimate of the probable loss." Aflac, Inc. v. Williams, 444 S.E.2d 314, 317 (Ga. 1994). In cases of doubt, Georgia courts will construe a contract to constitute a penalty, rather than a valid liquidated damages provision. See Thorne, 279 S.E.2d at 523.

In this case, the district court held that the provision in the contract was not, in fact, a liquidated damages provision, and so the tripartite test was unnecessary. We agree. A liquidated damages provision is an agreement as to the measure of damages in case of a breach. However, in this case, the Resolution Fee was not an amount payable in case of breach. Indeed, Taco Maker was not required to purchase any tortillas whatsoever, and it did not breach the contract when it failed to purchase $2.5 million worth of tortilla shells. The only breach occurred when Taco Maker failed to pay the Resolution Fee as stipulated in the contract. Because

4

the provision was not a liquidated damages provision, the district court did not err in failing to evaluate the provision under the tripartite test.

Taco Maker's first argument that the district court erred in awarding Latino Enterprises prejudgment interest and attorney's fees[1] is that Latino Enterprise's pleadings did not adequately put them on notice of the claims being asserted against them. However, Latino Enterprises clearly stated in its complaint that it was seeking prejudgment interest and attorney's fees pursuant to the terms in the contract. The district court awarded both prejudgment interest and attorney's fees based on the terms in the contract; therefore, Taco Maker was provided with adequate notice as to the grounds for each claim.

Taco Maker further argues that the section of the contract referencing interest refers only to the purchase of tortillas. However, the contract says "The Taco Maker will be charged interest at the rate of 1% per month for <u>any</u> balance that remains due for more than 30 days" (emphasis added)[2]. The district court did not err in awarding prejudgment interest based on this provision.

---

[1] Taco Maker also argues that any attorney's fees are limited by a statutory cap. O.C.G.A. § 13-1-11. However, Taco Maker also asserts (and Latino Enterprises agrees) that § 13-1-11 is not applicable in this case. Because attorney's fees were awarded pursuant to the contract, and both parties agree § 13-1-11 is inapplicable, we reject this argument.

[2] Moreover, as the district court noted, O.C.G.A. § 7-4-15 provides: "All liquidated demands, where . . . the sum to be paid is fixed or certain, bear interest from the time the party shall become liable."

Because the Resolution Fee was not a liquidated damages provision and prejudgment interest and attorney's fees were warranted under the contract, the district court's grant of judgment on the pleadings is

**AFFIRMED.**